IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 20, 2003 Session

STATE OF TENNESSEE, ON RELATION OF THE COMMISSIONER OF
THE DEPARTMENT OF TRANSPORTATION, FOR AND ON BEHALF
OF THE STATE OF TENNESSEE, ET AL. v. ANY AND ALL PARTIES
WITH AN INTEREST IN PROPERTY IDENTIFIED AS TAX MAP 158,
PARCEL 34, TAX ASSESSOR'S OFFICE, DAVIDSON COUNTY,
TENNESSEE, ET AL.

_____

ALLIANCE FOR NATIVE AMERICAN INDIAN RIGHTS OF
TENNESSEE, INC., ET AL. v. STATE OF TENNESSEE, ET AL.

Direct Appeal from the Chancery Court for Davidson County
No. 99-1278-III     Ellen Hobbs Lyle, Chancellor

_____

No. M2002-01137-COA-R3-CV - Filed June 23. 2003

_____

This is a case involving the proposed disinterment of Indian burial grounds.  The Appellants urge
this Court to consider numerous issues.  Having determined that the only issue properly before this
Court is the propriety of the trial court's denial of Appellants' motion to intervene, we affirm the trial
court's denial of intervention.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY
KIRBY, J.J., joined.

Joseph H. Johnston, Nashville, Tennessee, for the Appellants, Alliance for Native American Indian
Rights of Tennessee Inc., Pat Cummins, Sandi Perry, and Marion Dunn.

Paul G. Summers, Attorney General and Reporter, Michael E. Moore, Solicitor General, and John
H. Sinclair, Jr., Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 4, 1999 the State filed a petition for termination of use of land as a cemetery
pursuant to Tenn. Code Ann. § 46-4-101 *et seq*.  In its petition, the State sought permission of the

Davidson County Chancery Court to disinter ancient Native American remains located on State property which had been acquired by eminent domain. The State had acquired the property for purposes of a highway construction project for constructing improvements to the Hillsboro Road/Old Hickory Blvd. Intersection. The graves are adjacent to Hillsboro Road, south of the intersection in Davidson County. On June 23, 1999, Appellants filed a petition to intervene. The petition was not ruled on at that time.

On September 21, 1999, Appellants filed a counter petition, pursuant to 42 U.S.C. § 1983, seeking money damages as well as an injunction preventing disinterment of the graves. In their counter petition, Appellants alleged equal protection and due process violations arising out of the State's plan to disinter the ancient graves. On November 3, 1999, the State filed a motion to dismiss the counter petition and accompanying memorandum of law. Subsequent to the filing of the State's motion, this Court decided the case of *State ex rel. Comm'r of Transp. v. Medicine Bird*, 63 S.W.3d 734 (Tenn. Ct. App. 2001), another case dealing with the disinterment of Indian remains and the right of Native Americans to intervene as "interested persons" under the applicable statute. In *Medicine Bird* we held that, under "our interpretation of Tenn. Code Ann. § 46-4-102, neither the individual Native Americans seeking to intervene in this proceeding nor the executive director of the Commission of Indian Affairs, nor the Commission itself qualify as 'interested persons' entitled to be made parties to this proceeding." *Medicine Bird*, 63 S.W.3d 734 at 757.

As a result of this ruling, the trial court dismissed the counter petition on March 12, 2002. The Appellants were informed they could continue to participate in the proceedings as amicus curiae,[1] which they now argue gave them a vested interest in the proceedings such that the State should not have been allowed to dismiss their claim, which the State ultimately did. In their notice of non-suit the State put Appellants, who at that time occupied the position of amicus curiae, on notice that they intended "to proceed with construction of the [highway] project in a manner that will not necessitate disinterment of the graves. . . ."

Appellants assert various Constitutional violations as a result of the aforementioned facts including, *inter alia*, that the statute at issue is unconstitutional *as applied* to them. Appellee asserts that, since the State voluntarily dismissed the case, there is no live case or controversy which this Court can decide, and the Appellants' claims are, therefore, moot.

### Issues

Appellants present the following issues for our review:

(1)     Whether the individual Counter Petitioners, as Native American Indians, are members of a protected class because of their race,

---

[1] The trial court's order stated that "[i]t is further ORDERED that the [Appellants] are not 'interested parties' and, therefore, not proper parties to this lawsuit." While not explicitly stated as such, this order amounted to a denial of Appellants' original petition to intervene.

culture and ethnic ancestry, and have standing to challenge the constitutionality of the Termination of Use of Land as Cemetery Act (TULCA) on grounds that it deprives them of rights guaranteed under the Equal Protection Clause of the 14th Amendment.

(2)     Whether Alliance for Native American Indian Rights of Tennessee, Inc., Counter Petitioner/Appellant, organized for the purpose of protecting and preserving the rights of Native American Indians and its members, who are Native American Indians, has standing to challenge the constitutionality of the TULCA on grounds that it deprives its members of their rights based upon their race, culture and ethnic ancestry, guaranteed under the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

(3)     Whether the Counter Petitioners/Appellants must be considered as members of a suspect class by virtue of their minority racial, cultural and ethnic ancestry, for purposes of their claim that the TULCA deprives them of rights guaranteed under the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

(4)     Whether the TULCA is unconstitutional as applied to Native American Indians because it discriminates against them based upon their race, culture and ethnic ancestry in violation of the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

(5)     Whether the TULCA is unconstitutional as applied because it deprives Counter Petitioners/Appellants of their racial, cultural and ethnic duty to protect and preserve the remains of their ancestors, a substantive due process right, based upon marriage, procreation, family and education, guaranteed by the Due Process Clause of the 14th Amendment to the U.S. Constitution.

(6)     In the alternative, whether Counter Defendants/Appellees Voluntarily Dismissal of the Original Petition to Terminate use of Land as Cemetery after Counter Petitioners/Appellants had been granted Amicus Curiae status by the Chancery Court deprived Counter Petitioners/Appellants of a vested right protected under the Due Process Clause of the 14th Amendment to the U.S. Constitution.

Appellee presents the following additional issues:

-3-

(1)      Whether this Court should dismiss this appeal on the grounds that the claims raised in Appellants' counter petition are moot in light of the State's voluntary dismissal of its original petition?

(2)      Whether the Appellants' counter petition fails to state a claim for equal protection violation in light of their failure to allege any intentional discrimination in their counter petition?

(3)      Whether the Appellants' counter petition fails to state a claim for substantive due process violation in light of the fact that the TULCA does not implicate any fundamental rights?

(4)      Whether the Appellants' counter petition fails to state a claim for procedural due process violation in light of their failure to allege a property or liberty interest in their counter complaint?

## *Discussion*

We believe that both parties have failed to recognize, or address, the dispositive issue in this case, to wit, the effect of the trial court's denial of the Appellants' motion to intervene. Our analysis of this single issue reveals that such denial pretermits all issues raised by either party.

## *Effect of Denial of Motion to Intervene*

When "the movant's request to participate in the litigation is denied. . .the movant never becomes a party to the original action." *Mfrs. Consol. Serv. Inc. v. Rodell*, 42 S.W.3d 846, 867 (Tenn. Ct. App. 2000). As denial of a motion to intervene prevents the party seeking intervention from ever becoming a party to the action, it is clear that, after such denial, the party denied intervention cannot assert claims against any of the existing parties to the action. *Id.* at 868. Accordingly, Appellants cannot appeal the dismissal of their counter-petition, because there never was a valid counter-petition. In order for the Appellants to have filed a valid counter-petition, they would have had to have been parties to the action which, by virtue of the trial court's denial of their motion to intervene, they were not.

Nor does the grant of amicus curiae status afford Appellants the right to appeal anything other than the denial of their motion to intervene. This is the case "[b]ecause an amicus is not a 'party' to the case, [and is] not . . . entitled to file a petition to review a judgment on the merits by the [lower court]." *Int'l Union v. Scofield*, 382 U.S. 205, 209 (1965) (citing *Ex parte Leaf Tobacco Bd., 222 U.S. 578, 581; Ex parte Cutting, 94 U.S. 14, 20-22).* Therefore, the only issue which the Appellants

could properly appeal is the trial court's denial of their motion to intervene.[2] While this Court has some concerns as to the propriety of the Appellants' appeal concerning this issue, we will assume, for purposes of this opinion, that this issue is properly before this Court.

At the outset we note that Appellants did not explicitly state whether their motion to intervene was one seeking intervention as of right, or permissive intervention. Based on the *Medicine Bird* decision, however, we believe that the proper categorization of the motion is one for permissive intervention.[3] The standard of review of a trial court's denial of a motion for permissive intervention is an abuse of discretion. *See State of Tennessee v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 192 (Tenn. 2000). Here, as in *Brown & Williamson*, "it cannot be said that the trial court's denial of permissive intervention had no basis in law or in fact or was otherwise arbitrary, illogical, or unconscionable. . . ." *Id.* at 192-93.

### *Petitioner's Voluntary Dismissal*

Having decided that the motion to intervene was not improperly denied, we now address Appellants' contention that, notwithstanding the propriety of the denial of their motion to intervene, the trial court's grant of amicus curiae status conferred upon them a vested interest sufficient to prevent the Appellee from taking a voluntary dismissal. We cannot agree with this contention.

Pursuant to Rule 41 of the Tenn. R. Civ. P. a party has a right to take a voluntary nonsuit to dismiss an action without prejudice except when a motion for summary judgment is pending. The Tennessee Supreme Court has, however, further limited that right, having held that "[t]hough not stated in the rule, the right of plaintiff to a nonsuit is subject to the further restriction that the granting of the nonsuit will not deprive the defendant of some right that became vested during the pendency of the case." *Oliver v. Hydro-Vac Servs. Inc.*, 873 S.W.2d 694 (Tenn. Ct. App. 1993). The inapplicability of this exception to the present case is obvious; the nonsuit must not deprive *the defendant* of a vested right. Here the use of the term "defendant" is clearly synonymous with "party." The Appellants, by virtue of the denial of their motion to intervene, never became "parties" to the action. As such, the Appellants, as amicus curiae, do not fall within the category of those protected by this exception to the plaintiff's right to voluntarily dismiss their suit pursuant to Tenn. R. Civ. P. 41.01. Accordingly, the trial court did not err in allowing the Appellee's to voluntarily dismiss their suit, as such action did not deprive the Appellants of any vested right.

We further note that our decision will not prejudice the Appellants' ability to have their concerns addressed, for they have noted in their brief that "the constitutionality of [the encapsulation

---

[2] Our Rules of Appellate Procedure provide that "[t]he notice of appeal shall specify the *party or parties* taking the appeal. . . ." Tenn. R. App. P. 3(f)(emphasis added). The only action to which the Appellants were a "party" was the motion to intervene. It follows, therefore, that the denial of that motion is the only issue which Appellants may properly appeal.

[3] That decision made it clear that Appellants were not "interested persons" under the applicable statute.

of the burial sites in concrete and subsequent paving over of the sites] is being challenged in a separate lawsuit."

### *Conclusion*

For the foregoing reasons we affirm the trial court's denial of Appellants' motion to intervene.  We affirm the trial court's decision to allow the State, as Appellee, to voluntarily dismiss its case.  Costs of this appeal are taxed to the Appellants and their surety, for which execution, if necessary, may issue.

_____
DAVID R. FARMER, JUDGE