O'BRIEN v. SOUTHERN BELL TEL. & TEL. CO. (two cases).—259 S. W. (2d) 554.

Middle Section.    December 12, 1952.

Petition for Certiorari denied by Supreme Court, March 6, 1953.

Watkins, Moore & Crownover, of Nashville, for plaintiffs.

Bass, Berry & Sims, of Nashville, for defendant.

HOWELL, J.   These two cases of Mrs. H. G. O'Brien and her husband, William O'Brien, against the Southern Bell Telephone and Telegraph Company are for personal injuries to Mrs. O'Brien and for loss of services and expenses of Mr. O'Brien, growing out of injuries received by Mrs. O'Brien in the offices of the defendant Telephone Company on 8th Avenue North in Nashville on October 29, 1951. The first count in the declarations alleges that the proximate cause of the accident and consequent injuries was the act of defendant's servant carelessly and negligently pushing his chair against Mrs. O'Brien, knocking her down to the floor. The second count alleges that the defendant had waxed or polished the floor in the office until it was slick and dangerous to parties walking thereon and that by reason of being hit by the chair and the slickness of the floor plaintiff was caused to fall and receive the injuries complained of.

The defendant filed pleas of not guilty.

The cases were heard together in the Circuit Court and the trial Judge granted a motion of the defendant, made at the close of plaintiffs' proof, to instruct the jury to find for the defendant. A motion for a new trial was

overruled and the plaintiffs have properly perfected appeals in error to this Court and have assigned errors.

The business office of the defendant is on Eighth Avenue North in Nashville and the plaintiff went there to pay her telephone bill. She had been there several times before and knew the condition of the floor and had especially noticed it on the day she fell. The plaintiff introduced as her witness the custodian of the building of the defendant and he testified that the floor in question was asphalt tile of the best grade and he explained the process used by him in maintaining the floor to avoid slickness.

The plaintiff paid her bill at the teller's cage in the office and then went toward the rear or western part of the room to discuss something about the bill with one of the lady employees of the company. Toward the rear of the room are several rows of desks and behind each desk an employee of the company was seated. On the opposite side of these desks from the employee's seat are customers' seats. Plaintiff sat down in a customer's seat at a desk in the second row from the front. When she had concluded her business with the clerk at the desk she started walking toward the front of the room and as she passed the first row of desks a man who had been seated in a customer's seat at a desk in the first row pushed his chair against her and knocked her down. The chair struck her right leg and the force of the blow knocked her to the floor. There was no proof showing that the man who pushed the chair against her was an employee of the defendant company.

The motion for a directed verdict for the defendant was made upon the ground that there was no evidence upon which a verdict for the plaintiff could be based.

The applicable law as to the liability of a defendant in a case like this is stated in Gargaro v. Kroger

Grocery & Baking Co., 22 Tenn. App. 70, 118 S. W. (2d) 561, 563, as follows:

"The proprietor, owner, or management of a retail store such as that operated by the defendant in this case is under an obligation to exercise ordinary care and diligence to maintain the premises in a reasonably safe condition for the patrons or customers of the store, who enter and remain therein as invitees. Such a proprietor or owner is not an insurer of the safety of customers in the store, but is liable only if injury results from a breach of the duty to use or exercise ordinary care for their safety and protection. Such is the rule in Tennessee, and it is well nigh universal in America. Buckeye Cotton Oil Co. v. Campagna, 146 Tenn. 389, 394, 242 S. W. 646; Loew's Nashville & Knoxville Corp. v. Durrett, 18 Tenn. App. 489, 79 S. W. (2d) 598; Bennett v. Louisville & N. R. Co., 102 U. S. 577, 26 L. Ed. 235; Armstrong v. Kroger Grocery & Baking Co., Mo. App., 78 S. W. (2d) 564; S. S. Kresge Co. v. Fader, 116 Ohio St. 718, 158 N. E. 174, 58 A. L. R. 132; Annotations, 61 A. L. R. 1289."

In the case of Illinois Central R. Co. v. Nichols, 173 Tenn. 602, 118 S. W. (2d) 213, 217, the Supreme Court said:

"It is unnecessary to cite authority for the proposition that mere ownership or occupancy of premises, here a car, does not render one liable for injuries to persons entering them; the owner is not an insurer, even when the visitor is an invitee. Liability is grounded on the superior knowledge of the owner of the danger to the invitee. It is when the perilous condition is known to the owner and not known to the person injured that a recovery is permitted."

■ The doctrine of res ipsa loquitur is not applicable to a case of this kind. See Martin v. Miller Bros. Co., 26 Tenn. App. 110, 168 S. W. (2d) 187.

■ If the floor in question was slick or "hazardous" as testified to by the plaintiff there is no proof that such condition was known or recognized by the defendant. The liability of the owner to an invitee is grounded upon the owner's superior knowledge of the perilous condition of the premises. See Illinois Central R. Co. v. Nichols, supra.

We are unable to say that there is any evidence of negligence on the part of the defendant in this case upon which a verdict for the plaintiff could be based.

It is insisted for the plaintiff that the trial Judge erred in not permitting the plaintiff to take a nonsuit. After the argument of counsel upon defendant's motion for a directed verdict, the trial Judge ordered a recess and upon reconvening the Court made a statement to counsel setting out his views of the case and then the following appears in the Bill of Exceptions:

"The Court: Now, is there anything you want to say that relates to this question before I rule on the motion for a directed verdict?

"Mr. Moore: Except I think your Honor ought to overrule the motion and let it go to the jury.

"The Court: I am going to sustain this motion.

"Mr. Moore: We want to take a nonsuit.

"The Court: I have already sustained the motion.

"Mr. Moore: Your Honor has not instructed the jury. Can't we take a nonsuit up until the jury is instructed?

"The Court: Bring the jury in.

"The jury returned to the court room."

The Court then explained to the jury why he was doing so and then said:

"So, ladies and gentlemen of the jury, I instruct you to return a verdict for the defendant in the case, as I announced that I had done this very thing, and the only thing was to tell you to do it."

Under the circumstances of this case we do not think the motion to take a nonsuit came in time. The Court had asked counsel if there was anything they wanted to say relating to the question before he ruled on the motion for a directed verdict and then said: "I am going to sustain the motion."

The Court had given counsel an opportunity to take a nonsuit if they so desired and then sustained the motion. We do not think the trial Court erred in denying the nonsuit after he had stated that he was going to sustain the motion. He had ruled on the question and the only thing left to be done was to tell the jury when it returned to the Court room.

In the case of Bellisomi v. Kenny, 185 Tenn. 551, 206 S. W. (2d) 787, 789, the Supreme Court adopted the opinion of Anderson, Presiding Judge of this Court, in which it is said:

" 'To sum up, the judge can cut off the right to a non-suit by a definite announcement of his decision, either before or after a discussion of his reasons, and before the formality of directing the jury to return a verdict, or, following the making of the motion and the discussion with respect thereto, if any, he may withhold a formal announcement of his decision until he makes it in directing the jury to return a verdict. But in either or any event, it is the definite and formal announcement of the decision on the motion for a directed verdict, whenever made, which ends the

right to a non-suit, and not the completion of the ceremony of instructing the jury as to the verdict they must return. This is our interpretation of the opinion in Graves v. Union Ry. Co., supra [177 Tenn. 699, 152 S. W. (2d) 1026].' "

In the case of McCann Steel Co. v. Carney, 192 Tenn. 94, 237 S. W. (2d) 942, 944, Chief Justice Neil said:

"There was a sharp dispute between the counsel as to whether or not the case was finally closed and submitted to the trial judge for decision. We think the trial judge is in a far better position to decide this dispute than this Court. He is presumed to know if and when the plaintiff's counsel has cut himself off from his right to a nonsuit. Moreover where the right to take a nonsuit is in dispute as to the time when the motion should be seasonably made, and there is some evidence to support the action of the trial judge, the issue is thereby foreclosed."

The record further discloses that after the application for a nonsuit the trial Judge said: "I have already sustained the motion" and in explaining his action to the jury he said that after he had acted upon the motion for a directed verdict counsel announced that he would take a nonsuit.

■ It is also insisted for the plaintiff that the trial Judge erred in not granting her motion for a new trial on the ground of newly discovered evidence. In support of this motion the plaintiff filed her affidavit in which she says in substance that during the recess ordered by the Court after the argument of the motion for a directed verdict she learned that the man who pushed the chair against her was David A. Baker and that he was an employee of the defendant. As shown above the trial Judge asked counsel upon returning to the Court room

after the recess if there was anything they wanted to say relating to the motion for a directed verdict. The only thing they said was that they thought the Court should overrule the motion. This was after the affidavit says that they learned who the man was.

The plaintiff has testified on her direct examination as follows:

"Q. Do you know who the man was that shoved the chair against you? A. I understand it was Mr. Baker."

In the last two pages of the brief of counsel for the plaintiff, filed with the assignments of error, certain "Prejudicial Questions" are set out. The matters referred to are not made grounds of the motion for a new trial and are therefore not proper for assignments of error under the Rules of this Court.

We have given careful consideration to all of the assignments of error and find no merit in them. They are therefore overruled and the judgment of the Circuit Court directing a verdict for the defendant is affirmed.

The plaintiff will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.