# HAROLD HUGGINS, Appellant, v. MRS. LILLIE MAE NICHOLS, Appellee —440 S.W.2d 618

Middle Section. October 25, 1968.

Certiorari Denied May 5, 1969.

J. Vaulx Crockett, of Rutherford, Crockett, Guenther & Davies, Nashville, for appellant.

John C. Tune, Jr., of Butler, Binkley, McHugh, Butler & Tune and William E. Porter, Jr., Nashville, for appellee.

PURYEAR, J. This is a case in which the defendant below appealed from an order of the trial Court granting

to the plaintiff below permission to take a voluntary nonsuit. For convenience, we will refer to the parties as they were designated in the trial Court, wherein Mrs. Lillie Mae Nichols was plaintiff and Harold Huggins was defendant.

The case originated in the Circuit Court where plaintiff sued defendant for damages for personal injuries sustained as a result of plaintiff falling through the floor of a porch on a house owned by defendant, in which house plaintiff alleged she was a guest of the tenants therein.

After plaintiff filed her declaration and disposition was made of a preliminary motion, the defendant joined issue by filing a plea of not guilty to the matters and things alleged in the declaration.

On February 19, 1968, the case was tried before the Honorable John L. Uhlian, Circuit Judge, without intervention of a jury. After all of the evidence introduced by both parties had been heard and the case had been argued by counsel, the plaintiff's counsel moved the Court for a voluntary nonsuit, which motion was allowed by the trial Judge, to which action of the Court in allowing the plaintiff to take a voluntary nonsuit at this stage of the proceedings, the defendant excepted.

On this same date, February 19, 1968, defendant filed a petition seeking to have the trial Court set aside the order granting a voluntary nonsuit and enter an order dismissing the case upon its merits.

Counsel for defendant states in his brief that this petition was denied and an order was then entered allowing the nonsuit. The record shows that the order allowing the nonsuit was entered on February 19, 1968, which is the same day the case was tried and

petition to reconsider was filed by defendant, but the denial of such petition is not mentioned in the order allowing the nonsuit or in any other order of the Court appearing in the record, except the trial Court's order granting the appeal, which is as follows:

"In this case the defendant having prayed an appeal of the case to the Court of Appeals at Nashville, particularly from the order entered in this court on February 19, 1968, permitting plaintiff to take a voluntary nonsuit and *refusing to enter judgment in favor of defendant on the merits,* IT IS ORDERED BY the Court that defendant be and he is hereby granted an appeal to the Court of Appeals conditioned upon defendant giving a sufficient appeal bond, and defendant is allowed nine days in which to file said bond. Defendant is allowed thirty days from the date of this order in which to prepare and file his bill of exceptions." (Italics added)

(Tec. Rec. p. 24)

Plaintiff has filed in this Court a motion to dismiss the appeal upon the ground there has been no final judgment entered in the trial Court from which the defendant has a right to appeal.

This raises the vital question whether a defendant in Circuit Court has the right to appeal from an order of such Court granting to the plaintiff a voluntary nonsuit.

In response to this motion to dismiss, defendant cites Nashville, Chattanooga & St. Louis Railway Co. v. Sansom, 113 Tenn. 683, 84 S.W. 615 (1904), wherein the Supreme Court considered the defendant's appeal from an order of the trial Court granting nonsuit and revers-

ing the Court. But, in that case no motion to dismiss the appeal was made and the question was not raised and, therefore, not decided by the Supreme Court.

In Peoples Bank v. Baxter, 41 Tenn.App. 710, 298 S.W.2d 732, this Court held that only a party aggrieved could appeal from the decree of a Chancery Court and have that decree reviewed, citing Massengill v. Massengill, 36 Tenn.App. 385, 255 S.W.2d 1018.

In the above cited case of Massengill v. Massengill, this Court quoted with approval from 4 C.J.S. Appeal and Error Section 183, pages 565, 566 and 567, as follows:

" 'Although there are some exceptions to the rule, the general rule is that a plaintiff or defendant cannot appeal or prosecute a writ of error from or to a judgment, order, or decree in his own favor, since he is not aggrieved thereby. Ordinarily a defendant is not aggrieved where no judgment is rendered against him; a defendant cannot appeal from a judgment or decree sustaining a demurrer to or dismissing the bill, complaint, or petition, *and a defendant is not aggrieved by a voluntary dismissal or nonsuit.* This rule has been so applied as to prevent an appeal merely for the purpose of having a decree in appellant's favor affirmed, * * *. (Citing numerous cases in footnotes).' " (emphasis supplied)

It appears that the basic question presented upon consideration of this motion to dismiss is whether or not the defendant was "aggrieved" by the order allowing a nonsuit. If it affirmatively appears from the record that the case at bar had been finally submitted to the trial Judge before plaintiff's counsel moved for a voluntary nonsuit and that, except for the taking of such nonsuit, defendant would have been entitled to a dis-

missal upon the merits or for other reason concluding plaintiff's right of action in a trial Court, then the defendant is "aggrieved" by the order of nonsuit and the case would fall within the exceptions to the rule quoted in 4 C.J.S. supra.

■ However, a careful examination of the record fails to convince us that the case had been finally submitted to the trial Judge for decision at the time plaintiff's counsel moved for a nonsuit. But, in view of the fact that we have decided to affirm the judgment of the trial Court for other reasons hereinafter set forth, we will overrule the motion to dismiss defendant's appeal and proceed to consider the question of the trial Judge's right to grant an order of nonsuit.

Defendant has filed three assignments of error as follows:

## I

"The learned trial court erred in entering an order allowing plaintiff to take a voluntary nonsuit 'without prejudice'.

## II

The learned trial court erred in failing to enter judgment of record for defendant on the holding that plaintiff had failed to make out her case, having found for the defendant and decided the determinative issues for the defendant.

## III

The court erred in failing to enter judgment for defendant on one or more of the following grounds.

a. There was no evidence to sustain a judgment for plaintiff.

b. The evidence preponderates in favor of defendant.

c. Plaintiff failed to plead or prove any duty violated by defendant owed to plaintiff.

d. Defendant owed to plaintiff only the duty owed to a licensee.

e. Plaintiff assumed the risk of any alleged defective condition of the premises.

f. There was no evidence of a defect latent or otherwise at the time of letting which proximately caused plaintiff's injuries.

g. There was no evidence that defendant violated any duty owed to plaintiff in failing to inspect and discover any defect in the premises which might have existed at the time of letting.''

The third assignment of error raises questions which require a consideration of the evidence and merits of the case, but, in view of the disposition which we are making of it, we need not consider the third assignment and will only consider the first and second assignments.

In a case tried before a jury, the plaintiff's right to voluntarily dismiss his suit is made the subject of T.C.A. Section 20-1311, which is as follows:

"20-1311. *Nonsuit before retirement of jury.*—The plaintiff may, at any time before the jury retires, take a nonsuit or dismiss his action as to any one or more defendants, but if the defendant has plead a setoff or counterclaim, the latter may elect to proceed on such counterclaim in the capacity of a plaintiff.''

At just what stage of a jury trial plaintiff may voluntarily dismiss is made the subject of inquiry in many reported decisions in Tennessee, but those decisions do not necessarily apply to the case at bar, since this is a nonjury case and the granting of a nonsuit therein is governed by T.C.A. Section 20-1313, which is as follows:

"20-1313. *Dismissal in nonjury trials.*—If the trial is by the court instead of the jury, the nonsuit or dismissal provided for in Sections 20-1311 and 20-1312 shall be made before the cause is finally submitted to the court, and not afterwards."

The proceedings in the trial Court which occurred after all of the evidence had been introduced and before such nonsuit was taken is set forth in the bill of exceptions in narrative form as follows:

"At the conclusion of the proof in this case, the Court announced that it was ready for argument. Mr. J. Vaulx Crockett, Attorney for the Defendant, presented a brief to the Court, and to adversary counsel. Mr. W. E. Porter, Jr., opened the argument in behalf of the Plaintiff. Thereafter, Mr. Crockett argued the case in behalf of the Defendant. Mr. John Tune presented the closing argument for the Plaintiff, and argument was concluded.

The Court then proceeded to state some of the conclusions of the Court on the issues in the case, and stated that the Plaintiff had failed to make out her case. During this time, the Court read certain portions of Plaintiff's declaration and pointed out therein certain allegations stating that, with respect thereto, the Plaintiff had failed to make a case. Mr. Tune, thereupon, stated certain legal and factual conclusions, and

requested permission of the Court to prepare and file a brief. This application was denied by the Court. It was then after 8:00 o'clock, PM, and the Court stated that the court was going to decide the case at this time. Mr. Tune requested permission of the Court to confer with his co-counsel, and the permission was granted by the Court. Upon conclusion of this conference, Mr. Tune announced that the Plaintiff would take a nonsuit. The Court orally permitted the Plaintiff to take a nonsuit, and directed Mr. Tune to draw the order. Prior to the preparation and submission of the order, Defendant filed his petition asking the Court to reconsider the allowance of the nonsuit. The Court denied defendant's petition to reconsider the order of nonsuit, and permitted Defendant an exception to the order allowing the nonsuit.''

(B. of E. pp. 190, 191)

It is significant that at one point in the foregoing narrative, the Court stated ''that the plaintiff had failed to make out her case'' and at another point therein, ''the Court read *certain* portions of plaintiff's declaration and pointed out therein *certain* allegations stating that, *with respect thereto,* the plaintiff had failed to make a case.'' (emphasis supplied)

We refer to the slight difference between these two statements by the trial Judge in answer to insistence of defendant's counsel that the Judge had already reached his decision on the merits of the case before plaintiff moved for a nonsuit.

The entire narrative, when considering each part thereof in context with the other, indicates to us that the case may not have been finally submitted to the trial Judge

at the time complainant's counsel moved for a nonsuit, but we get the impression therefrom that the trial Judge did state to counsel that, in spite of the lateness of the hour, he intended to conclude the case and announce his decision before adjourning Court for the day.

It is sometimes difficult to determine the exact point at which a case is finally submitted to the trial Judge for his decision and this is one of the cases in which it is most difficult to determine whether or not the case had actually been finally submitted at the time plaintiff moved for a nonsuit.

No one is in a better position to know whether or not a case has been finally submitted to him than the trial Judge himself, and since we are reviewing the case de novo under Section 27-303 T.C.A., we must indulge the presumption provided in that section and presume that at the time the learned trial Judge granted plaintiff's motion for a nonsuit, he was familiar with the provisions of T.C.A. 20-1313 and did not consider the case as having been finally submitted to him at the time such motion was made.

Defendant's counsel cites Nashville, Chattanooga & St. Louis Railway Co. v. Sansom, supra, in which the Supreme Court found that the case had been finally submitted to the trial Judge when motion for leave to take a nonsuit was made and therefore, it was too late for such motion to be entertained.

But, Nashville, Chattanoga & St. Louis Railway Co. v. Sansom is not applicable for the reason that, as heretofore stated, it does not affirmatively appear from the record that the case at bar had been finally submitted

to the trial Judge when motion for leave to take a nonsuit was made.

For the reasons hereinbefore set forth, we overrule the assignments of error numbered one and two and the judgment of the trial Court is affirmed. Appellant will pay the costs of this appeal.

Shriver, P. J. (M. S.), and Todd, J., concur.