Larry **WEEDMAN**, Plaintiff–Appellee,

v.

Allen **SEARCY** and William H. Latimer, Defendants–Appellants.

Supreme Court of Tennessee,
at Jackson.

Dec. 18, 1989.

Damon E. Campbell, Conley, Campbell, Moss & Smith, Tom Elam, Elam, Glasgow, Tanner & Acree, Union City, for defendants-appellants.

Mark F. Gallien, Maloan, Gallien, Thomas & Moore, P.C., Martin, for plaintiff-appellee.

## OPINION

HARBISON, Justice.

In this workers' compensation case the plaintiff-employee was granted a voluntary dismissal by the trial judge after the conclusion of an evidentiary hearing but while the matter was under advisement and during the time allowed for filing post-trial briefs.

The defendants, appellants here, objected to the granting of the voluntary dismissal. They contended that the motion for voluntary dismissal came too late. It is their insistence that they had a vested right to preserve the record of the evidentiary hearing for appellate review and that this right outweighed the right ordinarily accorded to a plaintiff in a non-jury case to dismiss voluntarily prior to final submission of the case to the trial judge for disposition.

The trial judge overruled the objections of the appellants. In our opinion his decision was correct.

Appellants made motions for involuntary dismissal at the conclusion of the evidence offered by the employee. Each of these motions was overruled. Appellant Searcy then called witnesses. Counsel for appellant Latimer essentially "stood" on his motion but did participate in the cross-examination of one witness. At the conclusion of all of the evidence the trial judge requested counsel to file briefs on the legal questions involved. Primarily these concerned coverage under the workers' compensation law. Appellee's immediate employer (or partner, the evidence being in conflict on the point) did not have five employees. Appellee insisted that his immediate employer was a "subcontractor" and that the appellants were "statutory employers" within the meaning of T.C.A. § 50–6–113. There was a conflict in the testimony of appellee and his partner, or immediate employer, as to what their relationship had been and was

on May 1, 1984, the date when appellee was injured.

The evidentiary hearing was held on August 12, 1988. The parties were allowed ten days within which to file briefs in lieu of conducting oral argument. On August 15, 1988, counsel for appellee filed a written notice of voluntary dismissal pursuant to Rule 41.01, T.R.C.P. The trial judge held that the motion was timely and granted voluntary dismissal over objection of appellants. We affirm.

As pointed out in the leading case of *City of Columbia v. C.F.W. Construction Co.*, 557 S.W.2d 734, 740 (Tenn.1977) motions for directed verdict under Rule 50 T.R.C.P. and motions for involuntary dismissal under Rule 41.02 have some similarities but a number of differences. Rule 50 pertains to jury trials and Rule 41.02 to non-jury cases. In the *C.F.W.* case, *supra*, the Court pointed out that the trial judge is not obligated to rule on a motion for involuntary dismissal at the end of the plaintiff's proof but has discretion to wait until all of the evidence has been developed.

Counsel for appellants rely primarily upon jury cases for their insistence that the motion for voluntary dismissal came too late. They rely upon cases such as *Panzer v. King*, 743 S.W.2d 612 (Tenn.1988) and other cases cited therein which involved post-trial motions in actions which had been tried to a jury. These cases are not applicable here. So far as the present record discloses, the defendants in the action had acquired no vested rights of any sort in the trial transcript, insofar as appellate review was concerned. They might, of course, have the transcript available in the event of a re-trial for purposes of prior contradictory statements or other types of impeaching evidence or might utilize the prior testimony of witnesses unavailable for re-trial. The motion for voluntary dismissal came, however, before there had been any decision by the trial judge on the merits and while the case was still pending final argument (in this case written briefs).

The Tennessee rule on voluntary dismissals, as pointed out in the *Panzer* case, is

much more liberal than that obtaining in federal courts and in many other jurisdictions. Essentially, when the Rules of Civil Procedure were adopted, there were conflicting practices regarding voluntary non-suits in the circuit and chancery courts. The circuit court practice was governed by an earlier statute, repealed after the adoption of the Rules of Civil Procedure, and it was much more liberal in its scope than the rule then obtaining in chancery. An explanatory Advisory Committee Comment points out that the more liberal practice was preserved in the Rules of Civil Procedure, although modified in some respects.

In a non-jury case, until the case has finally been submitted to the trial court for a decision, the plaintiff has a right to a voluntary dismissal. The right does not continue in a jury case after the jury retires. In the non-jury case, until the matter has been finally submitted to the trial judge for decision, the "trial" of the case has not been concluded. The trial judge may order further proof to be taken, may reopen the proof for various purposes, extend the time for filing briefs, and the like. Dismissal as a matter of right continues to be available at least until written post-trial briefs have been filed pursuant to order of the trial judge and until the matter has been finally submitted to the court for determination on the merits. That point had not been reached in the present case when the motion of appellee was made.

The judgment of the trial court is affirmed at the cost of appellants. The cause will be remanded to the trial court for the collection of costs accrued there and for any other proceedings which may be necessary.

DROWOTA, C.J., and FONES, COOPER, and O'BRIEN, JJ., concur.