IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 11, 2008 Session

## CLUB LECONTE v. CAROLINE SWANN

**Direct Appeal from the Circuit Court for Knox County**
No. C-06-360306     Hon. Wheeler A. Rosenbalm, Circuit Judge

Filed March 20, 2008

No. E2007-00852-COA-R3-CV

In the Trial Court, at the conclusion of plaintiff's proof, defendant moved for the entry of an involuntary dismissal pursuant to Rule 41.02(2), and before the Trial Judge ruled on that Motion plaintiff moved for a voluntary dismissal which the Trial Court denied, and granted defendant's Motion for an involuntary dismissal with prejudice. On appeal, we hold that the Trial Court erred in refusing to grant plaintiff's Motion for a voluntary dismissal.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which SHARON G. LEE, J., and D. KELLY THOMAS, JR., J., joined.

Bradley L. Henry, Knoxville, Tennessee, for appellant.

Christopher D. Heagerty and Kristi M. Davis, Knoxville, Tennessee, for appellee.

### OPINION

This action originated in Sessions Court when plaintiff filed a civil summons against defendant, seeking to collect for goods and services, membership dues, interest, and attorney's fees. A default judgment was entered against defendant for $9,542.47, which Judgment defendant appealed to Circuit Court.

Plaintiff then filed an Affidavit of Sworn Account, by the club manager, who stated she was responsible for keeping the books of the Club, and that defendant was delinquent in her

account in the amount of $9,542.47 for dues, goods and services, and penalties/interest/attorney fees.

A hearing was held before the Trial Judge on April 9, 2007, where the Court entered a Judgment, stating that plaintiff brought its cause of action based on the theory of breach of contract, and that "after the Court received the evidence of Plaintiff, and at the close of the Plaintiff's case-in-chief, the attorney for the defendant moved the Court for entry of an Involuntary Dismissal pursuant to Rule 41.02(2) of the Tennessee Rules of Civil Procedure. The Court heard further argument from the attorneys for the parties, and thereafter sustained the Motion of the defendant." The Court then dismissed plaintiff's claims with prejudice, and this appeal ensued.

The issues presented on appeal are:

1.    Whether the Trial Court erred in failing to allow the appellee's membership contract to be admitted into evidence as a properly authenticated business record kept in the ordinary course of business?

2.    Whether the Trial Court erred in denying a judgment for unjust enrichment against the appellee after it was admitted that services were provided and appellee refused to pay?

3.    Whether the Trial Court erred in failing to grant a voluntary dismissal for appellant before the case was finally submitted to the Court?

We will first consider the issue of whether appellant should have been granted a voluntary dismissal.

Plaintiff asserts that the Trial Court erred in failing to allow plaintiff to take a voluntary dismissal after the defendant had made a motion for involuntary dismissal. Plaintiff argues that in a non-jury case, "until the case has been finally submitted to the trial court for a decision, the plaintiff has a right to a voluntary dismissal." *Weedman v. Searcy*, 781 S.W.2d 855 (Tenn. 1989). Defendant counters that the case had been "finally submitted", as the motion for involuntary dismissal could have (and did) dispose of the case.

Tenn. R. Civ. P. 41.01 states:

Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires

to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict.

In the *Weedman*, case, the Supreme Court interpreted this Rule to mean that in the case of a non-jury matter, "until the case has been finally submitted to the trial court for a decision, the plaintiff has the right to a voluntary dismissal. . . . until the matter has been finally submitted to the trial judge for decision, the "trial" of the case has not been concluded. The trial judge may order further proof to be taken, may reopen the proof for various purposes, extend the time for filing briefs, and the like." Thus, in *Weedman*, where defendants had made a motion for involuntary dismissal at the close of plaintiff's proof, which was overruled, and then other evidence was presented and the Trial Court requested the filing of briefs on a legal issue, the Trial Court ruled that plaintiff's notice of voluntary dismissal filed during the briefing period was timely, and the Supreme Court affirmed. *Id.* The Court noted that in adopting Tenn. R. Civ. P. 41, the Advisory Committee pointed out that it was attempting to resolve the conflicting prior practices used in Circuit and Chancery Courts, and had adopted the more liberal practice that had obtained in Circuit Court, which was based on a former statute. *Id.; see also* Tenn. R. Civ. P. 41 Advisory Committee Comments.

Prior to the enactment of the Tennessee Rules of Civil Procedure, our Supreme Court explained that a plaintiff had to take his nonsuit before the case reached that point where the right of decision had passed to the jury or judge, and that time had been reached when the right of further argument or action by the parties is gone. *Graves v. Union Ry. Co.*, 152 S.W.2d 1026 (Tenn. 1941). In jury cases, it was held that when a defendant made a motion for directed verdict, the plaintiff could still take a nonsuit up to the time the court announced a definite decision on defendant's motion. *Id.; see also O'Brien v. Southern Bell Tel. & Tel. Co.*, 259 S.W.2d 554 (Tenn. Ct. App. 1952); *Jones v. Ford Motor Co.*, 345 S.W.2d 681 (Tenn. Ct. App. 1960). This was true even if the court had expressed doubt as to the existence of a jury question, so long as the court had not actually announced its ruling. *Phipps v. Carmichael*, 376 S.W.2d 499 (Tenn. Ct. App. 1963).

In non-jury cases, a prior statute (Tenn. Code Ann. §20-1313) stated that the nonsuit "shall be made before the cause is finally submitted to the court, and not afterwards." *Huggins v. Nichols*, 440 S.W.2d 618 (Tenn. Ct. App. 1968). Thus, in the *Huggins* case, where the proof had been completed concluded and closing arguments done, and the trial court began to make conclusions on the issues, and stated that plaintiff had failed to make out a case in certain respects, but had not announced a final decision, plaintiff was allowed to take a voluntary dismissal, and this Court affirmed that action.

Similarly, as stated above, since enactment of the Tennessee Rules of Civil Procedure, the plaintiff can take a voluntary dismissal until the case has been finally submitted to the court for determination. *See Weedman.* The Supreme Court in *Weedman* indicated that the case had not been "finally submitted" until there is no further action that could be taken by the parties or sought by the Court.

In an unreported decision of this Court, it was expressly held that a voluntary

dismissal could be taken by the plaintiff while defendant's motion for involuntary dismissal was pending, so long as the court had not yet granted defendant's motion. *Jackson v. Dotson*, 1998 WL 761845 (Tenn. Ct. App. Oct. 30, 1998). In *Jackson*, a bench trial was held and at the conclusion of plaintiffs' case, defendants moved for an involuntary dismissal. *Id*. The court did not rule on the motion immediately, but rather allowed plaintiffs to reopen their proof and provide additional evidence. *Id*. After plaintiffs rested for the second time, defendants renewed their motion, and the court told plaintiffs' counsel that it could not find that plaintiffs had carried the burden of proof. *Id*. Plaintiffs then asked to take a nonsuit, and the court stated that since it had not yet "said the magic words" (i.e. ruled on defendants' motion), it would allow the plaintiffs to take a nonsuit. *Id*.

In *Jackson* defendants then filed a Rule 60 motion, asking the court to amend its order to make the dismissal with prejudice, which the court did. On appeal, this Court stated:

> We are of the opinion that the trial court erred in granting the Rule 60 motion. Clearly, the transcript of the proceedings demonstrates that the court was seriously considering granting the defendants' motion for an involuntary dismissal. The motion was not, however, granted nor was the court required to grant the motion at that time. Rule 41.02(2), Tennessee Rules of Civil Procedure, provides as follows:
>
> (2) After the plaintiff, in an action tried by the court without a jury, has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or *may decline to render any judgment until the close of all the evidence*; .... (Emphasis added.)

It is significant to note that the availability of voluntary dismissals is much greater now than before the adoption of the present rules of civil procedure. In *Willbanks v. Trousdale County Board of Education*, 1986 WL 1663 (Tenn.App. Feb 7, 1986), the court noted correctly that "Rule 41.01 follows the liberal practice of allowing voluntary dismissals that existed in the circuit court before the adoption of the Tennessee Rules of Civil Procedure. The drafters of the Rule intended that the Rule not be restrictive but that the liberal practice of the circuit court be extended to the chancery court." Therefore, with this proposition in mind, we can look to cases involving "motions for directed verdict" in the circuit courts for guidance as to when a voluntary dismissal can be taken.

Defendants rely upon the Trial Court's statements to support its position. The Court stated that it "told plaintiff's counsel that proof suggested defendant might owe plaintiff something, but inquired whether the plaintiff's proof was sufficient to enable the Court to determine the proper amount of a judgment".

The Court continued:

More specifically, the Court inquired whether a valid judgment could be based on plaintiff's Register Receipt (Exhibit 3) which showed charges of $6,633.00, but a zero balance; or whether a judgment could be based on plaintiff's statement of an account for $17,713.17, an amount allegedly derived from records of a regularly conducted activity which had not been established according to the requirements of Rule 803(6) of the Tennessee Rules of Evidence. The Court also inquired of plaintiff's counsel how a judgment could be granted for the alleged account of $17,713.17 when that amount included claims for unspecified late fees, dues, attorney's fees and expenses that were not explained or support by evidence.

A verbatim record, if available, would show that the Court didn't receive satisfactory answers to the numerous questions spawned by the lack of clarity, specificity and completeness of plaintiff's proof, and by plaintiff's failure to prove its case by competent evidence.

<u>After</u> it became apparent to plaintiff's counsel that the Court was gravely concerned about the sufficiency of plaintiff's proof in chief, plaintiff's counsel <u>then</u> moved for a voluntary dismissal. Defendant objected and the Court concluded that the motion came too late; the matter had been fully and completely submitted to the Court. The Court denied the motion for a voluntary dismissal, not only by saying so, but by dismissing plaintiff's action on the merits. (Emphasis supplied).

Appellees rely on *Weedman* as authority for their position that the plaintiff's motion came too late. We believe, however, that *Weedman* is more appropriate authority for the position of the appellant. In *Weedman*, the Supreme Court stated the following proposition:

In a non-jury case, until the case has finally been submitted to the trial court for a decision, the plaintiff has a right to a voluntary dismissal.... In the non-jury case, until the matter has been finally submitted to the trial judge for decision, the "trial" of the case has not been concluded. The trial judge may order further proof to be taken, may reopen the proof for various purposes, extend the time for filing briefs, and the like. Dismissal as a matter of right continues to be available at least until written post-trial briefs have been filed pursuant to order of the trial judge and until the matter has been finally submitted to the court for determination on the merits. That point had not been reached in the present case when the motion of appellee was made.

*Id.* at 857

In the instant case, the Trial Court had announced only that it could not find that the plaintiffs had carried their burden of proof and began to explain how they had not done so. The Court, at this point, had not exercised its discretion to dismiss the case, allow the proof to be reopened by the plaintiff or hear the defendant's proof if the defendant wished to present any, or

order the filing of post trial briefs.

Perhaps the rule is best stated in *Bellisomi v. Kenny*, 185 Tenn. 551, 206 S.W.2d 787 (Tenn.1947):

> ... The judge is ... left a sound discretion to be exercised according to what he thinks is required of a tribunal engaged primarily in dispensing justice.  If he thinks the purpose can best be served by cutting off the right to a non-suit, then ... he can announce his formal decision immediately after the motion for a directed verdict and argument thereon, if any, and then, if he choose, give the reasons for his decision.
>
> Upon the other hand, if he thinks that justice requires, he can leave that right temporarily intact by first discussing the issues of law and fact, withholding definite action on the motion until he has concluded, ... all in the expectation that the plaintiff will anticipate the decision and take advantage of the opportunity thus afforded him if he care to do so.  (Citation omitted.)
>
> * * * *
>
> To sum up, the judge can cut off the right to a non-suit by a definite announcement of his decision, either before or after a discussion of his reasons, ... or, following the making of the motion and the discussion with respect thereto, if any, he may withhold a formal announcement of his decision until he makes it in directing the jury to return a verdict.  But in either event, <u>it is the definite formal announcement of the decision ... which ends the right to a non-suit</u> .... (Emphasis added.)
>
> It is significant to note that availability of voluntary dismissals is much greater now than before the adoption of the present Rules of Civil Procedure.
>
> *Id.* at 789.
>
> In view of the cited authorities, and for the reasons stated, we believe the Trial Court erred in amending the final judgment to reflect a dismissal with prejudice.  We, therefore, reverse the judgment of the trial court and remand the case for such other and further action required consistent with this opinion.

*Id.* 789.

Similarly, in this case, plaintiff had concluded its proof, and defendant had made a motion for dismissal.  The Court then questioned plaintiff's attorney regarding its proof, and stated that, "[a]fter it became apparent to plaintiff's counsel that the Court was gravely concerned about the sufficiency of plaintiff's proof in chief, plaintiff's counsel <u>then</u> moved for a voluntary dismissal", and the court denied same. (Emphasis supplied).  Significantly, the Court had not yet ruled on the

motion to dismiss when plaintiff asked for a nonsuit. More importantly, if the Trial Court had not granted the motion to dismiss, then defendant could have gone forward with its proof, or the Court could have asked plaintiff to put on further proof, or numerous other actions could have been taken. Thus, the case had not been finally submitted to the Court for determination at the time that plaintiff asked for a nonsuit.

Our result is in accord with the Advisory Committee Comments to Tenn. R. Civ. P. 41, which states that Rule 41 was intended to take a more liberal approach in granting voluntary dismissals. Also, this is in accord with *Weedman*, *Jackson* and *Huggins,* wherein it was essentially held that so long as there were still actions that could be taken in the trial, and so long as the trial court had not yet ruled, a voluntary dismissal could be taken. As explained above, even in jury cases, where a defendant has made a motion for directed verdict, the plaintiff can still take a voluntary dismissal up until the court actually rules on the directed verdict motion. In this case, the Trial Court had not yet ruled on the motion to dismiss, and since there was still further action that could have been taken, plaintiff's motion for voluntary dismissal should have been granted.

Since we hold that the voluntarily dismissal was appropriate, the other issues raised are moot, and we remand the case for entry of a Judgment granting the voluntary dismissal to plaintiff. The cost of the appeal is assessed to defendant Caroline Swann.

_____
HERSCHEL PICKENS FRANKS, P.J.