# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 23, 2014 Session

## SHONTEL S. ROSS, Individually and on behalf of Terry Wilson, III (a minor) v. DEIDRA L. GRANDBERRY, M.D., ET AL.

### Direct Appeal from the Circuit Court for Shelby County
### No. CT-003357-07    James F. Russell, Judge

---

### No. W2013-00671-COA-R3-CV - Filed May 30, 2014

---

Plaintiff filed a healthcare liability action in the general sessions court. At a docket call, defendant Methodist appeared and tendered a confession for the full $25,000 jurisdictional limit of the general sessions court. Plaintiff immediately sought to non-suit her claims against Methodist. The general sessions court denied Methodist's tendered confession and it entered an order non-suiting Methodist. Plaintiff then refiled her suit against Methodist in the circuit court and Methodist moved for summary judgment based upon its tendered confession of judgment in the general sessions court. The circuit court granted summary judgment in favor of Methodist. We reverse the circuit court's grant of summary judgment and we remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

W. Bryan Smith, Memphis, Tennessee, for the appellant, Shontel S. Ross

Buckner Wellford, Shannon L. Wiley, Memphis, Tennessee, for the appellee, Methodist Healthcare-Memphis Hospitals, Inc.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

According to Shontel S. Ross ("Plaintiff"), Plaintiff gave birth to a son, delivered by Dr. Deidra Latrice Grandberry at Methodist Healthcare Memphis Hospitals, Inc. d/b/a Methodist Germantown Hospital ("Methodist"), on September 19, 2005. The child was allegedly injured during birth.

On October 10, 2006, Plaintiff[1] filed a healthcare liability lawsuit against Methodist, among others, in the Shelby County General Sessions Court. The case was continued numerous times–at least twice for service of process upon certain defendants.

On June 18, 2007, the parties appeared at a routine docket call in the general sessions court during which the following exchange occurred:

[Methodist's counsel]: Your Honor please, in Cause No. 1176325, I have an order of judgment. I am consenting to judgment on behalf of Methodist Hospital - -

[Plaintiff's counsel]: Your Honor - -

[Methodist's counsel]: - - one of the defendants in that case.

The Court: Do what now?

[Methodist's counsel]: One of the defendants in that - -

The Court: I understand.

[Plaintiff's counsel]: Your Honor, for the plaintiff, Your Honor, we're going to nonsuit Methodist at this point in time before the judgment is entered. The case is set not for trial right now.
. . . .

---

[1]Plaintiff filed suit individually and on behalf of her minor son.

[Methodist's counsel]: . . . . I have in my briefcase a $25,000[2] check payable to the General Sessions Court Clerk, I have a satisfaction of judgment, an order of judgment, and I want this case disposed of today as to my client Methodist with prejudice, and I believe I tendered the order before there was any request made for a nonsuit.

The general sessions court, expressing confusion as to the proper resolution, stated that it would allow the submission of legal memoranda from the parties and that it was "going to hold [its] ruling on whether or not [it would] show a judgment entered based on the confession of judgment."[3]

The parties submitted memoranda of law and the general sessions court entertained the arguments of counsel on June 28, 2007. From the bench, the general sessions court judge denied Methodist's attempted confession. On June 28, 2007, the general sessions court entered an Order non-suiting Methodist[4] and the decision of the general sessions court was not appealed.

On June 29, 2007, Plaintiff filed an Amended Complaint for Medical Malpractice against Methodist, among others, in the Shelby County Circuit Court alleging negligence during the birth of Plaintiff's son. Plaintiff sought $5,000,000.00 in compensatory damages.

On October 12, 2007, Methodist filed a Motion for Declaratory Judgment seeking a declaration that "the confession of judgment by [Methodist] properly and conclusively resolved this matter, thereby extinguishing any claim that this plaintiff now seeks to bring before this Court." Then, on October 15, 2007, it joined a previously-filed Motion for Summary Judgment and/or Partial Summary Judgment. In joining a previously-filed memorandum in support of summary judgment, Methodist argued that its confession of judgment in the full jurisdictional limit of the general sessions court cut off Plaintiff's right to non-suit as a matter of law.

---

[2]The jurisdictional limit of the General Sessions Courts is $25,000. **Tenn. Code Ann. § 16-15-501(d)(1)**.

[3]On June 18, 2007, the general sessions court entered an "Order of Voluntary Non-Suit Without Prejudice as to Some (But Not All) of the Defendants." The order did not dismiss the claims against Deepa Nagar, MD. or Methodist. On June 27, 2007, Plaintiff filed a Complaint for Medical Malpractice in the Shelby County Circuit Court against the defendants non-suited on June 18, 2007.

[4]The Order states that Plaintiff took a voluntary nonsuit against Methodist by making an announcement "in open court during the docket call . . . before the case was finally submitted to the Court."

On June 2, 2010, the circuit court entered an Order on Motion for Declaratory Relief and/or Summary Judgment which incorporated, by reference, its oral ruling. The circuit court granted summary judgment in favor of Methodist[5] reasoning that Methodist's "vested right" to confess judgment was "paramount to any right for voluntary nonsuit." The circuit further found that Plaintiff, by waiting eight months after filing suit to attempt a non-suit, had "waived" her right to take a nonsuit following Methodist's tendered confession of judgment. Plaintiff sought an interlocutory appeal of the circuit court's grant of summary judgment and Methodist moved for the entry of a final judgment as to it pursuant to Rule 54.02. The circuit court granted Methodist's motion and it certified its summary judgment order as final pursuant to Rule 54.02. It denied Plaintiff's request for interlocutory appeal as moot. Plaintiff timely appealed to this Court.

## II. ISSUES PRESENTED

Appellant presents the following issues for review, as summarized:

1.     Whether the trial court erred in designating its summary judgment order as final; and

2.     Whether the trial court erred in granting summary judgment in favor of Methodist.[6]

For the following reasons, we reverse the circuit court's grant of summary judgment and we remand for further proceedings.

## III. DISCUSSION

### A. Designation of the Summary Judgment Order as Final

We first consider Plaintiff's argument that the trial court improvidently designated its Order on Motion for Declaratory Relief and/or Summary Judgment as final pursuant to

---

[5]The circuit court denied summary judgment to the other defendants on the confession of judgment issue finding that they had no "vested right" to enforce the confession of judgment.

[6]In her appellate brief, Plaintiff attempts to "reassert[] and incorporate[] by reference the unresolved legal authorities and arguments espoused" in six trial court memorandums, responses and briefs. These "past arguments" apparently include the issues of "res judicata, collateral estoppel, mandamus, certiorari, historical use of cognovits judgments, etc." Plaintiff does not list these issues as being presented for review nor does she develop these arguments in her brief. Accordingly, we find the issues waived. *See Sneed v. Bd. of Prof'l Responsibility*, 301 S.W.3d 603, 615 (Tenn. 2010).

Tennessee Rule of Civil Procedure 54.02.[7]  Tennessee Rule of Civil Procedure 54.02 "permits a trial court to direct the entry of a final order as to fewer than all of the claims or parties upon an express finding that there is no just reason for delay." ***Ingram v. Wasson***, 379 S.W.3d 227, 238 (Tenn. Ct. App. 2011) (citations omitted).  "[O]ur [S]upreme [C]ourt has held that '[a]n order made final pursuant to [Rule] 54.02 must be dispositive of an entire claim or party.'" ***Town of Collierville v. Norfolk S. Ry. Co.***, 1 S.W.3d 68, 70 (Tenn. Ct. App. 1998) (quoting *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 558 (Tenn. 1990)).  Factors relevant to the certification determination include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the [] court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

***Cates v. White***, No. 03A01-9104CH00130, 1991 WL 168620, at *3 (Tenn. Ct. App. Sept. 4, 1991) (quoting *Allis Chalmers Corp. v. Philadelphia Electric, Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).  "'[T]he task of weighing and balancing the contending factors is peculiarly one for the trial judge, who can explore all the facets of a case.'" ***Id.*** (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 100 S.Ct.1460, 1467, 446 U.S. 1 (1980)).  Accordingly, "[t]he trial court's finding under Rule 54.02 that there is no just cause for delay, and the ultimate certification as final, is reviewed under an abuse of discretion standard."  ***Town of Collierville***, 1 S.W.3d at 70 (citing *Newell d/b/a Solowell v. Exit/In, Inc., et al.*, No. M2003-004340-COA-R3-CV, 2004 WL 746747, at *1 (Tenn. Ct. App. Apr. 7, 2004)).

In certifying the order as final, the circuit court first acknowledged the "lengthy delay in the prosecution of this lawsuit" due, at least in part, to "the ongoing genetic testing that has not been definitive in terms of clarity with regards to the underlying cause of action."[8]

_____

[7]In her appellate brief, Plaintiff suggests that if we conclude that the circuit court erred in granting summary judgment in favor of Methodist, the issue of whether the trial court erred in designating the order as final is rendered moot.  We disagree.  An order that fails to comply with the requirements of Rule 54.02 is not a final, appealable order over which this Court has jurisdiction.  ***See Duffer v. Lawson*** No. M2009-01057-COA-R3-CV, 2010 WL 3488620, at *5 (Tenn. Ct. App. Sept. 3, 2010) (citations omitted).  Thus, we consider the jurisdictional issue at the outset.

[8]In its certification order, the circuit court incorporated by reference its oral ruling of December 14,
(continued...)

It then explained:

> It stands to reason that the mere passage of time is necessarily harmful to any litigation, regardless of its nature. Evidence can disappear. Memories of witnesses often fade. Witnesses may no longer be available whether because of illness, infirmity or God forbid, even death. On top of all of that is observed by the Court during our discussions, physicians are required to report claims such as this into a data bank for insurance purposes. And then frankly, there are other insurance issues that the Court is not at liberty to discuss that make a difference in terms of passage of time.
>
> It occurs to the Court that this is precisely the type situation for which Rule 54.02 was designed. That considered, the Court is compelled to a conclusion that Methodist Hospital is entitled to have its judgment declared final. There being in the words of the rule, no just reason for delay, and I might add to that any further.

On appeal, Plaintiff argues that "[i]llness, infirmity and death are *not* the type of situation for which Rule 54.02 was designed." She states that her healthcare liability action names numerous medical providers with different employers and with competing interests, and she asserts that discovery has not yet "really" begun "to fully illuminate the respective roles that each Defendant played in the underlying events" nor has genetic testing to define her son's injuries and to confirm proximate cause been concluded. She contends that "several" just reasons for delay exist: "all of the surviving claims against the co-Defendants, [and] the many layers of closely-interwoven comparative fault allegations that had been raised by nearly every Party against nearly every other Party."

Having reviewed the record in this case, we find that the trial court acted within its discretion in directing entry of the June 2, 2010 order as a final judgment as to Methodist. The order disposed entirely of one of the multiple defendants in this case and none of the above-cited factors is negatively implicated. Specifically, there is no relationship between the grant of summary judgment based upon a confession of judgment and the remaining to-be-made determinations regarding healthcare liability, the circuit court's resolution of claims against the remaining defendants will not moot the need for review of the issue presently before us, and there is no possibility that we will be obliged to consider the issue again. In fact, considering the propriety of the grant of summary judgment now could prevent duplicative litigation in the circuit court should we reverse the grant of summary judgment.

---

[8](...continued)
2012.

For these reasons, we find the trial court properly certified its order granting summary judgment as final pursuant to Rule 54.02.

## B. Grant of Summary Judgment

As stated above, the trial court granted summary judgment in favor of Methodist reasoning that Methodist's "vested right" to confess judgment was "paramount to any right for voluntary nonsuit." It further found that Plaintiff, by waiting eight months after filing suit to attempt a non-suit, had "waived" her right to take a nonsuit following Methodist's tendered confession of judgment. We consider now whether the grant of summary judgment was error.

A grant or denial of summary judgment presents a question of law which we review *de novo* without a presumption of correctness. *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010) (citing *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004)). A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Tenn. R. Civ. P. 56.04**. "The party seeking the summary judgment has the burden of demonstrating that no genuine disputes of material fact exist and that it is entitled to a judgment as a matter of law." ***Green v. Green***, 293 S.W.3d 493, 513 (Tenn. 2009) (citing *Martin v. Norfolk S. Ry.*, 271 S.W.3d 76, 83 (Tenn. 2008); *Amos v. Metro. Gov't of Nashville & Davidson County*. 259 S.W.3d 705, 710 (Tenn. 2008)).

Pared down, Plaintiff argues on appeal that her nonsuit supersedes Methodist's confession of judgment because a nonsuit is a "right" whereas, according to Plaintiff, a confession of judgment requires action by a judge–either to accept or reject the confession.[9]

---

[9]Plaintiff also argues that Methodist abandoned its interest in a $25,000 confession when it failed to appeal or to otherwise challenge the 2007 general sessions decision within ten days. Because we have decided the substantive issue in this case in Plaintiff's favor, resolution of this argument is not necessary to adjudicate this appeal. Suffice it to say, we find this argument without merit.

The general sessions court made 2 decisions: (1) it denied Methodist's confession of judgment; and (2) it granted Plaintiff's non-suit of Methodist. At the time of the general sessions rulings, Tennessee Code Annotated section 27-5-108(a) provided that "[a]ny party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter." Obviously, a voluntary dismissal of the claims against it was not adverse to Methodist. ***See Oliver v. Hydro-Vac Servs. Inc.***, 873 S.W.2d 694, (Tenn. Ct. App. 1993) (quoting with approval *Huggins v. Nichols*, 59 Tenn. App. 326, 440 S.W.2d 618 (1968)) ("[A] defendant is not aggrieved by a voluntary dismissal or nonsuit."). Moreover, the general sessions court's decision to *deny* Methodist's

(continued...)

Additionally, she argues that the trial court lacked authority to find a wavier of the right to nonsuit simply because she waited eight months to nonsuit her case.

In response, Methodist contends that the $25,000 judgment self-executed upon confession–requiring no action by the trial judge–rendering Plaintiff's attempted nonsuit a nullity. Methodist argues that once it employed the confession of judgment mechanism to terminate the litigation, the case was finally submitted to the court, Methodist acquired a vested right in the confessed judgment, and Plaintiff could no longer take a nonsuit. [10] Methodist argues that if Plaintiff's position is adopted, a defendant could only "confess judgment" with the consent of the plaintiff. Moreover, such adoption would allow plaintiffs to "park" their cases in general sessions court while they investigate their case with no possibility of being subject to the court's jurisdictional limit. Methodist asks this Court to sanction the behavior of filing high-dollar cases in general sessions court only to take advantage of the informality of the forum.

---

[9](...continued)
confession of judgment, considered alone, was not a final, appealable judgment because the denial did not resolve the case. **See Ball v. McDowell**, 288 S.W.3d 833, 837 (Tenn. 2009) (holding that a final judgment leaves "nothing for the trial court to adjudicate.").

[10]Methodist argues that this Court has endorsed the use of the confession of judgment to resolve litigation, citing a recent case from the middle section, *McKissack ex rel. McKissack v. Davidson Transit Organization*, No. M2013-01224-COA-R3-CV, 2014 WL 575912 (Tenn. Ct. App. Feb. 11, 2014). *McKissack*, however, is distinguishable as it did not involve a non-suit sought prior to the entry of a confessed judgment.

In *McKissack*, the plaintiff filed a civil warrant against defendants DTO and John Doe in general sessions court seeking damages under $25,000. 2014 WL 575912, at *1. One month later, the trial court granted the plaintiff's motion to transfer the case to the circuit court. *Id.* Nearly two years later, the plaintiff filed a motion to amend her complaint to change the name of defendant John Doe to Paul Milliken and to substitute an amended complaint which would have increased the ad damnum. *Id.* The trial court denied her motion to amend based upon futility due to the running of the statute of limitations. *Id.* at n.1. One year later, DTO filed a confession of judgment in the amount of $24,999.99, and the circuit court ordered that the plaintiff's cause of action against DTO and John Doe be dismissed with prejudice. *Id.* at *1. Following an unsuccessful motion to set aside or to alter or amend, the plaintiff appealed to this Court. *Id.*

On appeal, the plaintiff argued that, notwithstanding its decision to refuse to add a defendant, the circuit court should have amended the ad damnum. This Court disagreed. *Id.* at 2. We stated that "[a]fter the trial court denied her motion to amend the complaint to add a party, the plaintiff could have filed another motion to amend solely to increase the amount of damages sought. The plaintiff never brought this issue before the court. Instead, at the time when DTO filed its confession of judgment, the amount sought in the plaintiff's general sessions warrant had not been changed." *Id.* Ultimately, we concluded that "[b]ecause the plaintiff did not have the amount of damages sought in the complaint increased, the trial court did not err in dismissing the action in light of DTO's confession of judgment." *Id.*

-8-

To resolve the supremacy issue, we first consider the relevant statutes. Tennessee Code Annotated section 16-15-401(a) provides that

> Each general sessions court judge is vested with power to: . . . (2) Enter up judgment by confession of a defendant to any amount within the judge's jurisdiction in the particular case[.]

Tennessee Code Annotated section 16-15-707 states:

> The plaintiff shall have the right to take a voluntary nonsuit or to dismiss an action without prejudice *at any time before the cause is finally submitted to the court*, but not afterwards; provided, that such a dismissal operates as an adjudication upon the merits when filed by a plaintiff who has twice dismissed in any court an action based on or including the same claim.

(emphasis added).

The crucial question, as we see it, is whether a tendered confession of judgment by a defendant constitutes a "final[] submi[ssion] to the court" to cut off a plaintiff's right to a voluntary dismissal without prejudice. In addressing the timing of an attempted nonsuit, our Supreme Court has "indicated that the case has not been 'finally submitted' until there is no further action that could be taken by the parties or sought by the Court." **Club Leconte v. Swann**, 270 S.W.3d 545, 547 (Tenn. Ct. App. 2008) (citing *Weedman v. Searcy*, 781 S.W.2d 855 (Tenn. 1989)); *see also Huggins v. Nichols*, 59 Tenn. App. 326, 440 S.W.2d 618 (1968) (holding that where the proof and closing arguments had been concluded, and the trial court had begun to make conclusions including stating that plaintiff had failed to make out a case in certain respects, but had not announced its final decision, plaintiff could take a voluntary dismissal).

As outlined above, Tennessee Code Annotated section 16-15-401(a) vests the "general sessions court judge"–as opposed to the defendant–with authority to "[e]nter" a judgment by confession. The statutory language does not lend itself to the self-executing interpretation espoused by Methodist; instead, it connotes necessary action by the general sessions court judge. **See Benson v. Herbst**, 240 S.W.3d 235, 237 (Tenn. Ct. App. 2007) (noting that "the general sessions court entered the judgment [by confession] in the space provided on the last warrant sworn out by [the plaintiff] against [the defendants]"); *see also Stewart v. Cottrell*, 255 S.W.3d 582, 584 n.4 (Tenn. Ct. App. 2007) (taking "judicial notice of the long standing practice of the general sessions judges to enter on the warrant any action taken in a given case").

At oral argument before this Court, the parties disagreed as to the timing of the confession of judgment and the non-suit; specifically, they disagreed about whether the requests were made in sequence or simultaneously. We find the timing issue immaterial in this case, however, given our interpretation of section 16-15-401(a) to require action by the general sessions court judge. Similarly, we find it unnecessary to address whether the general sessions court judge has *discretion* to accept or deny a tendered confession. The statute, at a minimum, requires entry of a judgment by the general sessions court judge. Here, the general sessions court took no action prior to Plaintiff's requested nonsuit–in fact, the general sessions court never "[e]nter[ed] up judgment by confession[.]"

We are unconvinced by Methodist's argument that rejecting self-execution of a confession will render defendants able to confess judgment only with the consent of plaintiffs. We have interpreted Tennessee Code Annotated section 16-15-401 to require *action by the general sessions court judge*–not to require the consent of plaintiffs.

Methodist may well be correct in its argument that, given her alleged significant damages, Plaintiff should not have filed her case in the general sessions court. We are careful to avoid a ruling which would allow plaintiffs to enjoy the benefits of the general sessions court forum while escaping its detriments–particularly, its jurisdictional limit. However, the rules of Plaintiff's selected forum do not call for the result urged by Methodist. Plaintiff maintained a right to voluntarily dismiss her case without prejudice until the general sessions court judge entered a judgment upon Methodist's confession.

Because Plaintiff sought to voluntarily dismiss her case before the general sessions court entered judgment upon Methodist's confession, the circuit court erred in concluding that Methodist obtained a vested right to confess judgment which was paramount to Plaintiff's right to nonsuit her case. Moreover, we have found no authority to support the trial court's conclusion that Plaintiff's eight month delay in seeking a nonsuit operated as a waiver of her right to do so. For these reasons, we reverse the circuit court's grant of summary judgment and we remand for further proceedings.

## IV.   CONCLUSION

For the aforementioned reasons, we reverse the decision of the circuit court and we remand for further proceedings. Costs of this appeal are taxed to Appellee, Methodist Healthcare-Memphis Hospitals, Inc., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

-10-