Ernest A. OLIVER, Plaintiff–Appellant,

v.

**HYDRO–VAC SERVICES INC., Bill Foxworth and the HVSI Class Defendants, Defendants–Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Dec. 9, 1993.

Permission to Appeal Denied by Supreme Court March 31, 1994.

Ernest A. Oliver, pro se.

William G. Colvin, Donna S. Spurlock, Shumacker, Thompson, P.C., Chattanooga, for defendants-appellees.

## OPINION

McMURRAY, Judge.

This case has a long and torturous history through both the state and federal court systems. The appellant, Ernest Oliver, was attempting to "blow the whistle" regarding certain alleged activities of his employer, Hydro–Vac, one of the defendants, when his employment was terminated. In addition to the whistle blowing charge against Hydro–Vac, Oliver charged over eighty other defendants with conspiring to wrongfully terminate his employment. Many of the defendants joined in filing a counterclaim against Oliver. Oliver responded with a deluge of motions, including a motion for summary judgment. The defendants subsequently moved for a voluntary dismissal of their counterclaim without prejudice. The court granted the defendants' motion to dismiss, thereby rendering Oliver's motion for summary judgment moot. Oliver has appealed claiming, inter alia, that the trial court abused its discretion in granting the dismissal in the face of his pending motion for summary judgment. For reasons hereinbelow stated, we disagree and affirm.

Oliver was employed by Hydro–Vac in the capacity of Lab Director. Hydro–Vac is a non-hazardous waste water treatment facility located in Chattanooga. Oliver began to suspect that Hydro–Vac was not complying with state and/or federal regulations regarding the disposal of both hazardous and non-hazardous wastes. He contacted his employer and many other regulatory agencies regarding his concerns. Additionally, he spoke with other Hydro–Vac employees regarding their experiences with the company. When his behavior became intolerable, William Foxworth, owner of Hydro–Vac, terminated Oliver's employment.

Oliver filed a complaint with the United States Department of Labor alleging retaliatory, discriminatory discharge under various employee protection provisions of numerous federal environmental statutes. The Department found no retaliatory, discriminatory discharge. Oliver appealed and was afforded a de novo hearing. The Administrative Law Judge found that Hydro–Vac had legitimate and non-discriminatory reasons to discharge Oliver.

Simultaneous with the commencement of the state action, Oliver filed a complaint in the U.S. District Court for the Eastern District of Tennessee. The two suits were virtually identical. In the federal action, the first count of Oliver's complaint was dismissed with prejudice, all the defendants were granted summary judgment in regard to the second count, and the pendent state claim of conspiracy was dismissed without prejudice. Subsequently, sanctions were imposed against Oliver.

■ In the meantime, Oliver's complaint in the state action was dismissed for lack of subject matter jurisdiction. The order of dismissal was made final pursuant to Rule 54.02 and no appeal was taken. Remaining in the state action was the counterclaim. In response to the counterclaim Oliver filed a Motion to Dismiss, Alternative Motion for Summary Judgment, and a Motion for Sanctions. The trial court denied Oliver's Motion to Dismiss and then allowed the defendants to voluntarily dismiss their counterclaim, thereby rendering Oliver's Motion for Summary Judgment moot. It is from this order that Oliver has appealed.

Rule 41, Tennessee Rules of Civil Procedure, provides that a party has a right to take a voluntary nonsuit to dismiss an action without prejudice except when a motion for summary judgment is pending. However, Justice Henry, speaking for the Supreme

Court in *Stewart v. University of Tennessee*, 519 S.W.2d 591, 593 (Tenn.1974) stated:

[T]he trial judge, in the exercise of his sound discretion, had the authority to grant plaintiff's motion (to take a voluntary non-suit), upon a proper showing.

"Though not stated in the rule, the right of plaintiff to a nonsuit is subject to the further restriction that the granting of the nonsuit will not deprive the defendant of some right that became vested during the pendency of the case." (citations omitted). *Anderson v. Smith*, 521 S.W.2d 787, 790 (Tenn.1975).

A review of the record indicates that Oliver was not deprived of any rights which had vested during the pendency of this case nor was any prejudice demonstrated.

■ *Price v. Boyle Inv. Co.*, 1990 WL 60659 (1990), an unreported opinion of the Western Section of this court states:

The general rule is that where the right to take a voluntary dismissal is in the discretion of the trial court, it should be granted absent some showing of plain legal prejudice to the defendant. *Schoolhouse Educational Aids, Inc. v. Haags*, 145 Ariz. 87, 699 P.2d 1318 (1985); *Caplinger v. Carter*, 9 Kan.App.2d 287, 676 P.2d 1300 (1984). The possibility of one being subjected to a second lawsuit is insufficient legal prejudice. *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855 (11th Cir.1986).

We are in complete agreement with the rule as stated in *Price*. Further, in the case of *Huggins v. Nichols*, 59 Tenn.App. 326, 440 S.W.2d 618 (1968), a case where appellant appealed from an order of the trial court granting the plaintiff permission to take a voluntary nonsuit, the court quoted with approval as follows:

Ordinarily a defendant is not aggrieved where no judgment is rendered against him; a defendant cannot appeal from a judgment or decree sustaining a demurrer to or dismissing the bill, complaint, or petition, *and a defendant is not aggrieved by a voluntary dismissal or nonsuit.* This rule has been so applied as to prevent an appeal merely for the purpose of having a decree in appellant's favor affirmed, ... (Emphasis original.)

*See Bailey v. Parkridge Hospital, Inc., et al.*, 1993 WL 310359 an unreported opinion of this court by Judge Sanders, filed August 16, 1993.

Our review of the record does not disclose sufficient grounds to find any abuse of discretion on the part of the trial judge in allowing the defendants to take a voluntary dismissal.

There is yet another reason why there is no merit in this issue. As Judge Koch stated in *Harriet Teresa Martin vs. Washmaster Auto Center, Inc., and Murfreesboro Road Autowash Association, Inc.*, 1993 WL 241315 (Unpublished opinion, Tenn.App.1993):

Defendants ordinarily cannot appeal from the denial of their motion for summary judgment. The denial of a summary judgment before trial is an interlocutory decision that does not satisfy Tenn. R.App.P. 3(a)'s finality requirement. *Williamson County Broadcasting Co. v. Williamson County Bd. of Educ.*, 549 S.W.2d 371, 373 (Tenn.1977); *In re Estate of McCord*, 661 S.W.2d 890, 891 (Tenn.Ct. App.1983). Similarly, the denial of a summary judgment because of genuine factual disputes is not appealable after a trial on the merits. *Hobson v. First State Bank*, 777 S.W.2d 24, 32 (Tenn.Ct.App.1989); *Tate v. County of Monroe*, 578 S.W.2d 642, 644 (Tenn.Ct.App.1978).

Taking a voluntary nonsuit does not render the denial of a summary judgment any more suitable for appellate review. No present controversy exists after the plaintiff takes a nonsuit. The lawsuit is concluded and can only be resurrected if and when the plaintiff recommences the action. The plaintiff's refiling the suit is a contingent event that may not occur. Thus, determining whether the defendant is entitled to a summary judgment after the underlying suit has been dismissed without prejudice would be unnecessary and premature.

This issue is without merit.

Oliver has listed two additional issues for our review. Firstly, Oliver has asked for sanctions to be imposed upon the defendants for filing their counterclaim. We find no

support in the record for the assessment of sanctions.

■ Lastly, Oliver claims that the state court's order is in direct conflict with the federal court's order which dismissed the pendent state case without prejudice. The gravamen of this issue appears to be that while the federal court dismissed the pendent state claim without prejudice, the state trial court enjoined Oliver from filing any further pleadings arising out of the facts set forth in this case. Assuming the trial court's action in enjoining Oliver from filing further pleadings arising from the same facts was error, it is harmless in view of the finality of the trial judge's order dismissing the action for lack of subject matter jurisdiction. As noted hereinabove, no appeal was taken from the order of dismissal which was made final pursuant to Rule 54.02, T.R.C.P. Further the record discloses that the trial court's dismissal of Oliver's claims for lack of subject matter jurisdiction was prior to the federal court's action on the pendent state claim. We find no merit in this issue.

The trial court is affirmed in all respects. Costs of this appeal are taxed to the appellant and this case is remanded to the trial court.

SANDERS, P.J. (E.S.), and GODDARD, J., concur.