COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

February 27, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

HENRY WITT and wife                ) C/A NO. 03A01-9709-CH-00400
MARGARET WITT,                     )
                                   )
        Plaintiffs-Appellees,      )
                                   )
                                   )
                                   )
v.                                 ) APPEAL AS OF RIGHT FROM THE
                                   ) BRADLEY COUNTY CHANCERY COURT
                                   )
                                   )
                                   )
                                   )
TENNESSEE FARMERS MUTUAL           )
INSURANCE COMPANY,                 )
                                   ) HONORABLE EARL H. HENLEY,
        Defendant-Appellant.       ) CHANCELLOR


For Appellant                          For Appellees

DOUGLAS M. CAMPBELL                    RICHARD A. FISHER
PAUL CAMPBELL, III                     JAMES F. LOGAN, JR.
Campbell & Campbell                    Logan, Thompson, Miller, Bilbo,
Chattanooga, Tennessee                   Thompson and Fisher, P.C.
                                       Cleveland, Tennessee

                                       BERT H. BATES
                                       Bates, Sellers & Robinson
                                       Cleveland, Tennessee


O P I N I O N


VACATED AND REMANDED                              Susano, J.

1

The plaintiffs, Henry Witt and wife, Margaret Witt ("the Witts"), seek to domesticate a foreign judgment against Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers"), pursuant to the provisions of the Uniform Enforcement of Foreign Judgments Act, T.C.A. § 26-6-101, *et seq.* The judgment sought to be domesticated is based on the uninsured motorist coverage of an automobile insurance policy issued by Tennessee Farmers. The trial court entered an order, decreeing that

> the Petition to Domesticate a Default Judgment entered by the Murray County Superior Court against Tennessee Farmers Mutual Insurance Company be and hereby is granted, and the Georgia Judgment be and hereby is made a judgment of this Court and entered for further proceedings;...

Tennessee Farmers appealed, arguing that the trial court erred in denying its motion to dismiss, and erred in summarily granting the plaintiffs' application to domesticate the Georgia judgment. The insurance company contends that it was entitled to a trial on the merits.

I. *Procedural History*

On November 7, 1995, pursuant to the provisions of T.C.A. §§ 26-6-104(a) and 26-6-105(a), the Witts' attorney, Richard A. Fisher, filed his affidavit in the instant case, along with an authenticated copy of the Georgia judgment. The judgment reflects that it was entered on September 6, 1995, in a proceeding in the Murray County, Georgia, Superior Court, styled *Henry Witt, et ux., Margaret Witt v. Judy Martin Charles and*

2

*Tennessee Farmers Mutual*, *Uninsured Motorist Carrier,* Civil Action No. 95-CI-74. The judgment awards $50,000 to Henry Witt and $5,000 to Margaret Witt, both awards being against Tennessee Farmers. It further reflects that it was entered on the Witts' motion for summary judgment. The judgment does not show a final disposition of the Witts' claim against the co-defendant, Judy Martin Charles; however, it does reflect that process was issued as to Ms. Charles and returned "not to be found."

On December 8, 1995, in the instant case, Tennessee Farmers filed a motion to dismiss the plaintiffs' action, attacking the validity of the Georgia judgment. The motion relies upon subsections (1), (2), (5), and (6) of Rule 12.02, Tenn.R.Civ.P. It alleges that the Georgia court lacked subject matter jurisdiction and *in personam* jurisdiction over Tennessee Farmers. The insurance company also contends in its motion that there was insufficiency of service of process in the Georgia court proceeding. Finally, the motion alleges that the plaintiff's application fails to state a claim upon which relief can be granted. Tennessee Farmers supported its motion with the affidavits of two of its employees and a certified copy of an insurance policy issued to a Charles W. Raines. One of the affidavits strongly implies that the uninsured motorist coverage of the Raines policy "is the subject of this suit." The record also contains Tennessee Farmers' answers to six interrogatories filed by the Witts.

On July 2, 1997, the trial court in the case at bar filed its memorandum opinion. After alluding, in general terms,

3

to Tennessee Farmers' objections to the domestication of the foreign judgment, the trial court's written opinion finds that the "judgment is valid and should be entered for further procedure." The trial court's memorandum opinion was incorporated into an order, which was entered on July 30, 1997. The order denies Tennessee Farmers' motion and grants the Witts' application to domesticate the Georgia judgment.

## II. *Analysis*

When Tennessee Farmers supported its motion with "matters outside the pleadings," *see* Rule 12.03, Tenn.R.Civ.P., it presented the trial court with a motion to be treated as one for summary judgment. **Id**. In its first issue, Tennessee Farmers asks us to find that the trial court should have granted its motion and dismissed the Witts' application to domesticate the Georgia judgment. Generally speaking, the denial of a summary judgment motion is not suitable for appellate review as of right. **Oliver v. Hydro-Vac Services, Inc.**., 873 S.W.2d 694, 696 (Tenn.App. 1993) (quoting from the unreported decision of this court in the case of **Harriet Teresa Martin v. Washmaster Auto Center, Inc., and Murfreesboro Road Autowash Association, Inc.**, 1993 WL 241315 (Tenn.App. 1993)). This is because such an interlocutory decision does not satisfy the finality requirement of Rule 3(a), T.R.A.P., **Id**.

The trial court was obviously satisfied that the papers before it did not show that Tennessee Farmers was entitled to

4

summary judgment. That interlocutory decision is not reviewable as of right on this appeal.

Under normal circumstances, we would now turn to the trial court's decision to domesticate the Georgia judgment and determine whether the evidence preponderates against that decision, *see* Rule 13(d), T.R.A.P.; but in this case it appears that the Witts' application was granted before an answer could be filed and without a plenary hearing. The trial court apparently heard argument on the motion, took it under advisement, and then, without allowing a further response or a hearing on the merits, entered a judgment domesticating the Georgia judgment.[1] We find this procedure to be irregular and inconsistent with the provisions of the Rules of Civil Procedure.

Rule 12.01, Tenn.R.Civ.P., provides that a defendant "shall serve an answer within 30 days after the service of the summons." If, instead of an answer, a defendant files "a motion permitted under [Rule 12]," the service of such a motion

> alters [the 30-day period to respond] as
> follows, unless a different time is fixed by
> order of the court: (1) if the court denies
> the motion..., the responsive pleading shall
> be served within 15 days after notice of the
> court's action;...

*Id*. Thus, the trial court, having denied Tennessee Farmers' motion, was required to afford the defendant an opportunity to

---

[1]The trial court's action cannot be justified as a grant of summary judgment, *see* ***Biogen Distributors, Inc. v. Tanner,*** 842 S.W.2d 253, 255 (Tenn.App. 1992), because the plaintiffs did not seek summary judgment.

5

plead further. By summarily granting the Witts' application and thereby denying the defendant the right to plead further and put on proof with respect to its defenses, the trial court committed error.

It is clear that the Rules of Civil Procedure apply to a proceeding under T.C.A. § 26-6-101, *et seq*. *See* Rule 1, Tenn.R.Civ.P., ("Subject to such exceptions as are stated in them, these rules shall govern the procedure in the circuit and chancery courts of Tennessee..., in all civil actions, whether at law or in equity,...). *See also* Rule 2, Tenn.R.Civ.P., ("All actions in law or equity shall be known as 'civil actions.'"). While we find no conflict between the procedures outlined in T.C.A. § 26-6-101, *et seq*., and the provisions of the Rules of Civil Procedure pertaining to the right of a defendant to file an answer and its further right to a trial on the merits of all issues properly raised in that answer, any such conflict must be resolved in favor of the Rules. *See **Lock v. Nat. Union Fire Ins. Co. of Pa.***, 809 S.W.2d 483, 489 (Tenn. 1991). It is clear that a defendant has the right to contest the validity of a foreign judgment by a trial on the merits if issues are properly raised in its answer. *See **Four Seasons Gardening & Landscaping, Inc. v. Crouch***, 688 S.W.2d 439, 441-42 (Tenn.App. 1984)("the courts of this State will presume, *absent proper proof to the contrary*, that the decrees of the courts of record of any sister states are valid.") (Emphasis added). In this case, the trial court denied Tennessee Farmers that right.

6

The plaintiffs rely on two unreported decisions of this court to sustain the procedure utilized by the trial court in the instant case. *See* **Kreisler Mfg. Corp. v. Wiley,** 1989 WL 1111 (Tenn.App. 1989); **McCall v. Johnson**, 1995 WL 138898 (Tenn.App. 1995). We do not believe that either case supports the plaintiffs' position. Neither of these cases addresses the issue of a defendant's right to plead further upon denial of its motion for summary judgment.

It results that the judgment of the trial court is vacated. Costs on appeal are taxed against the Witts. This case is remanded for further proceedings, not inconsistent with this opinion.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.


_____
Don T. McMurray, J.