IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 2, 2020 Session

## DEBRA A. IRVIN V. GREEN WISE HOMES, LLC ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 19-470-IV    Russell T. Perkins, Chancellor**

_____

## No. M2019-02232-COA-R3-CV

_____

Debra A. Irvin ("Plaintiff" or "Appellee") filed a complaint in 2019 alleging real estate fraud against numerous parties. Several defendants, including Green Wise Homes, LLC ("Green Wise"), asserted various counterclaims against Plaintiff and her attorneys, which the trial court dismissed for failure to state a claim for which relief could be granted. The trial court then awarded attorney's fees to Plaintiff against Green Wise pursuant to Tennessee Code Annotated section 20-12-119. Green Wise appeals. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment Affirmed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Charles Walker, Nashville, Tennessee, for the appellant, Green Wise Homes, LLC.

Eugene N. Bulso, Jr. and Paul J. Krog, Nashville, Tennessee, for the appellee, Debra A. Irvin.

Thor Y. Urness and Caroline D. Spore, Nashville, Tennessee, for the appellees, Eugene N. Bulso, Jr. and Paul J. Krog.

Jon Paul Johnson, Nashville, Tennessee, Pro Se.

**OPINION**

**Background**

This case began as a dispute over purported real estate fraud, but it has become a dispute over attorney's fees. On April 4, 2019, Appellee filed a complaint in the Chancery Court for Davidson County (the "trial court"), essentially alleging she had been defrauded into signing over her home to Green Wise via quitclaim deed. The named defendants were Charles Walker, Jon Paul Johnson, Green Wise, Julie Coone, James Brett, and Nationwide Investments, LLC.[1] The attorneys representing Appellee, Eugene N. Bulso, Jr. and Paul J. Krog, later filed liens lis pendens on several properties owned by Green Wise.

Mr. Walker and Mr. Johnson filed answers to the complaint on May 6, 2019, each asserting three counterclaims against Appellee: intentional interference with business relationships, tortious interference with contracts, and "attempted acts of terrorism." Mr. Walker and Mr. Johnson also named as third-party defendants both of Appellee's attorneys (together, "Third-Party Defendants") in their individual capacity.

On May 11, 2019, Mr. Walker filed a notice of removal to the United States Bankruptcy Court for the Middle District of Tennessee (the "bankruptcy court"). Mr. Walker had previously declared Chapter 11 bankruptcy and sought to have that case reopened on the basis that the action in the trial court was somehow related to the closed Chapter 11 case. The trial court therefore entered a stay of the proceedings in its court on May 13, 2019. In the meantime, Green Wise filed its answer to Appellee's complaint on May 12, 2019, in the bankruptcy court action. Green Wise also asserted a counterclaim against Appellee, as well as various claims against Third-Party Defendants, averring that they had wrongfully placed the liens lis pendens on Green Wise's real properties. On May 23, 2019, the bankruptcy court stayed the proceedings in its court in light of a motion to remand filed by Appellee.

The bankruptcy court ultimately declined to reopen Mr. Walker's bankruptcy action, and the case was remanded back to the trial court on July 2, 2019. On July 15, 2019, Appellee filed a motion to lift the trial court's stay, and the trial court entered an order dissolving the stay on August 1, 2019. Appellee then filed a notice of voluntary nonsuit as to all of her claims against Green Wise, Mr. Walker, and Mr. Johnson on August 16, 2019. However, the counterclaims and third-party claims asserted by Green Wise and the other defendants were still pending. Accordingly, Appellee and Third-Party Defendants each filed Tennessee Rule of Civil Procedure 12.02(6) motions to dismiss all

---

[1] Charles Walker is referred to as the "owner" of Green Wise in the record, and Mr. Walker is also a licensed attorney. Throughout these proceedings Mr. Walker has represented himself as well as Green Wise. Although Jon Johnson was involved with Green Wise in some way, his exact role within the company is not conclusive from the record. The claims against Julie Coone, James Brett, and Nationwide Investments, LLC were nonsuited in the trial court. These parties are not participating in the present appeal.

claims against them, alleging that Green Wise, Mr. Walker, and Mr. Johnson failed to state any claims for which relief could be granted. Both Appellee and Third-Party Defendants also requested their attorney's fees from Green Wise, Mr. Walker, and Mr. Johnson pursuant to Tennessee Code Annotated section 20-12-119(c). Green Wise responded to the motions by both Appellee and Third-Party Defendants but made no argument regarding the applicability of section 20-12-119(c). Rather, in its response to the motions, Green Wise raised only substantive arguments regarding its allegation that Appellee and Third-Party Defendants wrongfully placed the liens lis pendens on Green Wise's real properties.

The trial court held a hearing on all pending motions on September 13, 2019. Although there is no transcript of this hearing in the record, it is undisputed that the trial court ruled that all of the claims asserted by Mr. Walker, Mr. Johnson, and Green Wise should be dismissed pursuant to Rule 12.02(6). Almost immediately after the hearing, however, Green Wise filed a notice of voluntary nonsuit as to all of its claims. On September 16, 2019 the trial court entered a detailed final order granting the motions to dismiss. On the same day, the trial court entered another order declining to allow Green Wise to take a voluntary nonsuit because the trial court had already ruled Green Wise's claims would be dismissed by the time the notice of nonsuit was filed.

In its final order, the trial court dismissed all claims asserted by Mr. Walker, Mr. Johnson, and Green Wise, and awarded both Appellee and Third-Party Defendants their respective attorney's fees against Mr. Walker pursuant to section 20-12-119(c). The trial court also awarded Third-Party Defendants and Appellee their respective attorney's fees associated with the motions to dismiss the claims filed by Green Wise.[2] Finally, although it dismissed all of his claims, the trial court declined to assess any attorney's fees against Mr. Johnson because Mr. Johnson was purportedly pro se throughout the case.

---

[2] When this matter was first appealed to this Court, there was some confusion over the disposition of Appellee's request for attorney's fees against Green Wise inasmuch as the trial court's order alluded to such an award, but failed to state specifically that Appellee was awarded her attorney's fees against Green Wise. Out of an abundance of caution, we remanded this case to the trial court, and we instructed the parties and the trial court to correct the record to "reflect that all the claims, rights, and liabilities between Debra A. Irvin and Green Wise Homes, LLC . . . have been resolved[.]" This appeal was held in abeyance until January 5, 2021, at which time we received an order entered by the trial court providing that:

> The [Court] finds that correction of the record in this matter is warranted on the basis that the [C]ourt's Final Order . . . inadvertently omitted a specific reference to Debra Irvin's request for fees against Green Wise Homes, LLC. . . . to remove any doubt, the Court grants Mrs. Irvin her reason[able] attorney's fees and expenses incurred in responding to the Counterclaim of Green Wise Homes, LLC pursuant to Tenn. Code Ann. § 20-12-119(c)(1); however, the award of costs and attorney's fees shall be stayed until a final decision which is not subject to appeal is rendered.

Green Wise filed a motion to alter or amend the judgment on October 15, 2019. Green Wise argued that the trial court erred in awarding attorney's fees to Appellee and Third-Party Defendants, asserting for the first time that because Green Wise's claims were made while the case was removed to bankruptcy court, the trial court violated general principles of comity by relying on a Tennessee statute to award attorney's fees. Green Wise also argued that section 20-12-119(c) could not apply to the motions to dismiss filed by Appellee and Third-Party Defendants because Green Wise filed its counterclaims on May 12, 2019 in the bankruptcy court, and the motions to dismiss were not filed until August 30, 2019 in the trial court. According to Green Wise, the motions were untimely in light of section 20-12-119(c)(5)(B), which provides that "subsection (c) shall not apply to . . . [a]ny claim that is dismissed by the granting of a motion to dismiss that was filed more than sixty (60) days after the moving party received service of the latest complaint, counter-complaint or cross-complaint in which that dismissed claim was made." The trial court entered an order denying the motion to alter or amend on November 14, 2019, and Green Wise filed a notice of appeal to this Court on December 16, 2019.

## Issues

On appeal, Green Wise challenges the trial court's judgment only as it relates to Appellee.[3] Green Wise raises several issues, which we consolidate and restate as follows:

1. Whether the trial court erred in declining to allow Green Wise to voluntarily dismiss its claims pursuant to Tennessee Rule of Civil Procedure 41.01.

2. Whether the trial court erred in awarding attorney's fees to Appellee pursuant to Tennessee Code Annotated section 20-12-119(c).

3. Whether Green Wise is entitled to its attorney's fees incurred on appeal.

Additionally, Appellee and Third-Party Defendants[4] raise the following issues, which we also restate as follows:

4. Whether this Court lacks subject matter jurisdiction over this appeal.

---

[3] For clarity, we note here that Mr. Walker's only role in this appeal is as counsel to Green Wise, as Mr. Walker has not appealed the disposition of any of the claims pertaining to Mr. Walker individually. Further, Green Wise does not appeal the trial court's judgment as it relates to Third-Party Defendants in any way, although Third-Party Defendants opted to file their own appellate brief.

[4] Appellee and Third-Party Defendants have filed nearly identical briefs. Because the primary issues on appeal are between Green Wise and Appellee, and so as not to tax the length of this opinion, we refer primarily to Appellee's brief.

5. Whether Green Wise's appeal is frivolous, such that Appellee and Third-Party Defendants are entitled to damages pursuant to Tennessee Code Annotated section 27-1-122.

6. Whether the trial court erred in declining to assess any attorney's fees against Mr. Johnson, in favor of both Appellee and Third-Party Defendants, pursuant to Tennessee Code Annotated section 20-12-119(c).

## **Discussion**

### I.

As a threshold issue, Appellee contends that this Court lacks subject matter jurisdiction over Green Wise's appeal. "Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674 (Tenn. 1994)). "Subject matter jurisdiction relates to the nature of the cause of action and the relief sought and is conferred by the sovereign authority which organizes the court." *Landers*, 872 S.W.2d at 675 (citing *Cooper v. Reynolds*, 77 U.S. 308, 10 Wall. 308, 19 L.Ed. 931 (1870)); *see also In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012) ("A court derives subject matter jurisdiction, either explicitly or by necessary implication, from the Constitution of Tennessee or from a statute enacted by the Tennessee General Assembly or Congress."). This Court must possess subject matter jurisdiction in order to review a case, and subject matter jurisdiction cannot be waived. *In re Estate of Trigg*, 368 S.W.3d at 489. Because orders and judgments entered by courts lacking subject matter jurisdiction are void, "issues regarding a court's subject matter jurisdiction should be considered as a threshold inquiry, and should be resolved at the earliest possible opportunity." *Id.* (internal citation omitted). Whether subject matter jurisdiction exists is a question of law, and our standard of review is de novo without a presumption of correctness. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012) (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)).

To evaluate subject matter jurisdiction, we examine the "'avenue' by which the appeal is being pursued before this Court." *E Sols. for Bldgs., LLC v. Knestrick Contractor, Inc.*, No. M2018-00732-COA-R3-CV, 2018 WL 1831116, at *3 (Tenn. Ct. App. Apr. 17, 2018) (quoting *Town of Collierville v. Norfolk S. Ry. Co.*, 1 S.W.3d 68, 69–70 (Tenn. Ct. App. 1998)), *perm. app. denied* (Tenn. Aug. 9, 2018). "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) (quoting *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85 (Tenn. 1973)); *see also* Tenn. R. App. P. 3(a). A final judgment adjudicates all "claims, rights, and liabilities of all the parties" and "resolves all the issues [leaving] 'nothing else for the trial court to do.'" *E Sols.*, 2018 WL 1831116, at *3 (citing *Discover Bank v. Morgan*, 363 S.W.3d 479, 488

n.17 (Tenn. 2012); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)). Accordingly, aside from some limited circumstances, this Court lacks jurisdiction over an appeal from a nonfinal order. Another circumstance under which this Court lacks subject matter jurisdiction is when the appeal is not timely filed in accordance with Tennessee Rule of Appellate Procedure 4(a). *See Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) ("[I]f the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal." (citing *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003))); *see also* Tenn. R. Civ. P. 59.01 (explaining which post-judgment motions toll the time for filing an appeal).

In the present case, Appellee paradoxically asserts that Green Wise's appeal is untimely in one sense, but premature in another; specifically, Appellee argues that the appeal is "late as to the final judgment [on Appellee's motion to dismiss] and premature as to the attorney's fees." As Appellee explains it, the trial court's order contains two dispositions, the first being the dismissal of Green Wise's claims pursuant to Appellee's Rule 12.02(6) motion, and the second being the award of attorney's fees under Tennessee Code Annotated section 20-12-119 in favor of Appellee. Appellee avers that the trial court's order is final as to the dismissal of Green Wise's substantive claims but interlocutory as to the award of attorney's fees because the trial court did not specify the precise amount of attorney's fees granted to Appellee. As such, Appellee urges that Green Wise's post-judgment motion, filed on October 15, 2019, was not a Rule 59.04 motion to alter or amend a *final* judgment, but rather in substance was a Rule 54.02 motion to revise an interlocutory order. *See Dover v. Dover*, No. E2019-01891-COA-R3-CV, 2020 WL 7224368, at *14 (Tenn. Ct. App. Dec. 8, 2020) (addressing the distinction between a motion to alter or amend a final judgment and a motion to revise an interlocutory order). Because a motion to revise an interlocutory order does not toll the thirty-day time limit for filing an appeal, *see* Tenn. R. App. P. 4(a); Tenn. R. Civ. P. 59.01, Appellee asserts that Green Wise's time to appeal the order dismissing its substantive claims against Appellee has passed. Appellee then avers that Green Wise's appeal of the attorney's fees award is "premature" because the amount of the award was left outstanding, meaning the order is nonfinal as to that claim, and therefore not reviewable by this Court.

We note at the outset that contrary to Appellee's assertions, Green Wise has not challenged the trial court's dismissal of Green Wise' counterclaim against Appellee; rather, Green Wise's issues on appeal address the trial court's refusal to grant Green Wise a voluntary nonsuit and the award of attorney's fees in favor of Appellee. Consequently, Appellee's averment that Green Wise has not timely appealed the dismissal of its substantive claims is inapposite. Appellee also claims, however, that the trial court's order is nonfinal as to the attorney's fees award inasmuch as the order does not specify the particular amount of attorney's fees assessed against Green Wise. The dispositive question here is whether the trial court's order entered on September 16, 2019 was final, notwithstanding the fact that the amount of attorney's fees awarded to Appellee was "stayed until a final decision not subject to appeal is rendered."

To resolve this, we turn to the text of the statute under which the trial court awarded Appellee her attorney's fees, Tennessee Code Annotated section 20-12-119(c). When an issue on appeal requires us to construe a statute, we begin "by reading the words of the statute[] using [its] plain meaning in the context in which the words appear." *Nationwide Mut. Fire Ins. Co. v. Memphis Light, Gas and Water*, 578 S.W.3d 26, 30 (Tenn. Ct. App. 2018); *see also Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010) ("Because the legislative purpose is reflected in a statute's language, the courts must always begin with the words that the General Assembly has chosen." (citing *Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008))). To the extent the language of a statute is clear and unambiguous, we need not look "beyond the plain language of the statute to determine its meaning." *Nationwide*, 578 S.W.3d at 30. However, "because words are known by the company they keep, courts must also construe these words in the context in which they appear in the statute and in light of the statute's general purpose." *Lee Med.*, 312 S.W.3d at 526. Our goal in construing a statute is "to give full effect to the General Assembly's purpose, stopping just short of exceeding its intended scope." *Id.*

Tennessee Code Annotated section 20-12-119 provides, in relevant part:

> (c)(1) [I]n a civil proceeding, where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties.
>
> (2) Costs shall include all reasonable and necessary litigation costs actually incurred due to the proceedings that resulted from the filing of the dismissed claims, including, but not limited to:
>
> > (A) Court costs;
> > (B) Attorneys' fees;
> > (C) Court reporter fees;
> > (D) Interpreter fees; and
> > (E) Guardian ad litem fees.
>
> (3) An award of costs pursuant to this subsection (c) shall be made only after all appeals of the issue of the granting of the motion to dismiss have been exhausted and if the final outcome is the granting of the motion to dismiss. **The award of costs and attorneys' fees**

**pursuant to this section shall be stayed until a final decision which
is not subject to appeal is rendered**.

(Emphasis added).

While Appellee argues that a trial court's order awarding attorney's fees is nonfinal in the absence of a determination on the precise amount of fees awarded, the plain language of section 20-12-119(c) does not support Appellee's contention. Subsection (c)(1) explains that the court "shall" award the prevailing party its attorney's fees when the "trial court grants a motion to dismiss pursuant to Rule 12[.]" The award itself is mandatory once the motion is granted. *See Montpelier v. Moncier*, No. E2018-00448-COA-R3-CV, 2019 WL 990529, at *3 (Tenn. Ct. App. Feb. 28, 2019); *Schodowski v. Tellico Vill. Prop. Owners Ass'n., Inc.*, No. E2015-01145-COA-R3-CV, 2016 WL 1627895, at *9 (Tenn. Ct. App. Apr. 22, 2016). Consequently, pursuant to subsection (c)(1), whether the party seeking dismissal will recover his or her attorney's fees is resolved at the time the motion to dismiss is granted or denied. Indeed, considering the mandatory language of the statute, a trial court does not have discretion to decline to award attorney's fees in the event a Rule 12.02(6) motion is granted.[5] *Montpelier*, 2019 WL 990529, at *3.

The next pertinent subsection of the statute is subsection (c)(3), which provides that the "award of costs . . . shall be made only after all appeals" of the underlying granting of the motion to dismiss have been exhausted. Tenn. Code Ann. § 20-12-119(c)(3). Moreover, the award "**shall** be stayed until a final decision which is not subject to appeal is rendered." *Id.* (emphasis added). Accordingly, this subsection mandates that any appeals regarding the underlying dismissal be resolved before the prevailing party may actually recover a sum certain of attorney's fees. Due to the mandatory language of subsection (c)(3), it is not within the trial court's discretion to proceed with awarding a party his or her attorney's fees until appeal of the underlying dismissal is resolved, or the time for appeal has passed. *See Donovan v. Hastings*, No. M2019-01396-COA-R3-CV, 2020 WL 6390134, at *3 (Tenn. Ct. App. Oct. 30, 2020) ("Tenn. Code Ann. § 20-12-119(c) clearly and unambiguously requires that there be an unappealable final decision before a trial court can award attorney fees pursuant to the statute.").

Taken together, subsections (c)(1) and (c)(3) clarify that when a Rule 12 motion for failure to state a claim is granted, the trial court shall find that attorney's fees are recoverable to the prevailing party; however, the trial court may not proceed past that point inasmuch as the award of attorney's fees is stayed. Our conclusion today is consistent with a recent decision by this Court, *Donovan v. Hastings*, 2020 WL 6390134, at *3. In that case, a contractual dispute, the plaintiff/counter-defendant successfully defeated her opponent's claims with a Rule 12.02(6) motion. *Id.* The trial court entered an order on

---

[5] This is assuming, arguendo, that none of the exceptions provided in section 20-12-119(c)(5) are applicable.

May 24, 2019 that "resolved all of the parties' [] claims." *Id.* Thirty days passed, and neither party filed an appeal or a post-judgment motion. *Id.* Consequently, the order became final and unappealable on June 23, 2019. *Id.* The plaintiff filed her motion for attorney's fees two weeks later. *Id.* The trial court granted the motion, but reduced the amount of fees sought, and plaintiff appealed to this Court. *Id.* On appeal, the defendant/counter-plaintiff asserted that the plaintiff waived her right to receive attorney's fees because she did not provide an affidavit in support of her requested fees at the time the trial court granted the plaintiff's motion to dismiss. *Id.*

We agreed with the plaintiff in that case, finding that in light of section 20-12-119(c)(3), the plaintiff properly waited until the time to appeal the trial court's order on the underlying claims had passed before attempting to collect her attorney's fees. In so holding, we explained: "Tenn. Code Ann. § 20-12-119(c) clearly and unambiguously requires that there be an unappealable final decision before a trial court can award attorney fees pursuant to the statute. . . . Because an award of attorney's fees was stayed until June 23, 2019, [plaintiff] did not file her motion too late to entitle her to an award of those fees under the statute." *Id.*

Accordingly, although not directly addressed in the opinion, *Donovan* reflects that a trial court's order can be final despite the outstanding issue of recoverable attorney's fees when those fees are awarded by virtue of section 20-12-119(c). We echo the implicit conclusion of the *Donovan* decision in that we find the import of section 20-12-119(c)(3) to be plain and unambiguous.[6]

In light of the foregoing, Appellee's argument strains credulity. If we were to conclude that the trial court's order is nonfinal in the absence of the exact attorney's fees awarded to Appellee, subsection (c)(3) would be rendered superfluous. The practical result would be a legal quagmire in which trial courts have two options: (1) award the prevailing party a particular amount of attorney's fees before appeal of the underlying case is resolved,

---

[6] This conclusion is also consistent with the nature of a Rule 12.02 dismissal for failure to state a claim for which relief can be granted. A motion filed pursuant to Rule 12.02(6) challenges the sufficiency of the complaint only, rather than the strength or quality of the plaintiff's proof. *See Thompson v. Southland Constructors*, No. M2019-02060-COA-R3-CV, 2020 WL 6538821, at *4 (Tenn. Ct. App. Sept. 2, 2020) (citing *Mershon v. HPT TA Prop. Trust*, No. M2018-00315-COA-R3-CV, 2018 WL 5793564, at *2 (Tenn. Ct. App. Nov. 5, 2018)). In that vein, "this stage in the proceedings is particularly ill-suited for an evaluation of the likelihood of the success on the merits or the weight of the facts pleaded, or as a docket-clearing mechanism." *Id.* (quoting *Cullum v. McCool*, 432 S.W.3d 829, 832 (Tenn. 2013)). "In reviewing these motions, we are required to construe the complaint liberally, presume that all factual allegations are true and give the plaintiff the benefit of all reasonable inferences." *Id.* Considering the manner in which appellate courts review the dismissal of a claim pursuant to Rule 12.02(6), particularly the presumptions afforded the plaintiff at that juncture, the utility of section 20-12-119(c)(3) is apparent. Requiring parties and trial courts to litigate the reasonable and necessary amount of attorney's fees prior to the appeal of a case dismissed under Rule 12.02(6) would do nothing to promote finality of judgment or judicial economy.

in direct contravention of section 20-12-119(c)(3), or, (2) stay the award of attorney's fees in compliance with subsection (c)(3) and be left with an unappealable, nonfinal order. This is plainly not the law.

Nonetheless, Appellee insists that "[t]he law in this [s]tate is clear: a judgment that does not specify the amount of attorney's fees [is not] a final judgment." In support, Appellee cites several cases in which this Court determined a judgment to be nonfinal in light of a trial court's failure to fully resolve its award of attorney's fees. Importantly, however, the cases cited by Appellee are cases in which attorney's fees were awarded pursuant to a contractual provision, rather than Tennessee Code Annotated section 20-12-119(c). *See, e.g.*, *E Sols. for Bldgs., LLC*, 2018 WL 1831116, at *1; *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380, at *2 (Tenn. Ct. App. Aug. 25, 2009). We are unpersuaded that these cases control here.

We conclude that the trial court's order, entered on September 16, 2019, properly resolved all claims between the parties and was a final order; consequently, Green Wise's Rule 59.04 motion to alter or amend the trial court's judgment tolled the time in which Green Wise had to file its appeal. *See* Tenn. R. Civ. P. 59.01. Because this appeal is taken from a final order and is timely, this Court has subject matter jurisdiction. We therefore proceed to the merits of this case, beginning with the issues raised by Green Wise.

## II.

Green Wise first argues that the trial court should have allowed Green Wise to voluntarily dismiss its claim against Appellee, despite the fact that the trial court had already orally ruled that Green Wise's case was dismissed in its entirety. Having thoroughly reviewed the record and the relevant authorities, we conclude that the trial court did not err in denying Green Wise's request for a voluntary nonsuit.

As relevant, Tennessee Rule of Civil Procedure 41.01 explains:

Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or of any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial of a cause and serving a copy of the notice upon all parties, and if a party has not already been served with a summons and complaint, the plaintiff shall also serve a copy of the complaint on that party; or by an oral notice of dismissal made in open court during the trial of a cause; or in jury trials at any time before the jury retires to consider its verdict and prior to the ruling of the court sustaining a motion for a directed verdict. If a counterclaim has been pleaded by a defendant prior to the service upon

the defendant of plaintiff's motion to dismiss, the defendant may elect to proceed on such counterclaim in the capacity of a plaintiff.

Tenn. R. Civ. P. 41.01(1).

In non-jury cases, the plaintiff has the right to take a voluntary dismissal "until the case has been finally submitted to the trial court for a decision." *Weedman v. Searcy*, 781 S.W.2d 855, 857 (Tenn. 1989); *see also Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 136 (Tenn. Ct. App. 2014) ("Once the case finally has been submitted to the trial court for a determination on the merits, however, the plaintiff no longer can take a voluntary dismissal as a matter of right." (quoting *Hamilton v. Cook*, No. 02A01-9712-CV-0032, 1998 WL 704528, at *4 (Tenn. Ct. App. Oct. 12, 1998))). Once the matter has been submitted to the trial court for determination on the merits, whether to grant a voluntary nonsuit is highly discretionary with the trial court. *Hamilton*, 1998 WL 704528, at *5. "[T]he general rule, however, is that the trial court should grant a voluntary dismissal, 'absent some showing of plain legal prejudice to the defendant.'" *Id.* (quoting *Oliver v. Hydro-Vac Servs. Inc.*, 873 S.W.2d 694, 696 (Tenn. App. 1993)).

Consequently, there are two salient questions here. The first is whether, at the time Green Wise filed its notice of voluntary nonsuit, the case had already been submitted to the trial court for a determination on the merits, meaning Green Wise could no longer dismiss its claims as a matter of right. Assuming the decision to allow the nonsuit was within the discretion of the trial court, the second question is whether the trial court properly concluded that Appellee would suffer plain legal prejudice if Green Wise were allowed to voluntarily nonsuit its case.

The *Hamilton* opinion answers both of the foregoing questions, as the facts of that case are nearly identical to those of the case at bar. 1998 WL 704528. In *Hamilton*, the plaintiffs asserted several claims against the defendants, to which defendants responded with motions to dismiss alleging, inter alia, failure to state a claim for which relief could be granted. *Id.* at *2. The trial court held a hearing on November 7, 1997, after which the trial court ruled from the bench that it was dismissing the plaintiffs' complaint for various reasons. *Id.* at *3. After the hearing, the plaintiffs filed a notice of voluntary nonsuit and attempted to dismiss their complaint without prejudice pursuant to Rule 41.01. *Id.* Defendants filed a motion to strike the notice in response. *Id.* Another hearing was held, and the trial court ruled that the plaintiffs "no longer had the right to take a voluntary nonsuit because the trial court had already determined the case upon the merits." *Id.*

The plaintiffs appealed, and this Court upheld the trial court's decision. *Id.* at *5. We explained that by the time the plaintiffs filed their notice of voluntary nonsuit, they had already "lost the ability to take a voluntary dismissal as a matter of right." *Id.* at *4. This was because the case had been submitted to the trial court for determination on the merits and "the trial court had ruled on the [d]efendants' motion by announcing that it was

- 11 -

dismissing the [plaintiffs'] complaint." *Id.* at *5. Accordingly, we concluded that whether to allow the plaintiffs to take a voluntary nonsuit was discretionary with the trial court and that the trial court properly found the defendants would suffer legal prejudice if the plaintiffs were allowed to take a voluntary nonsuit at that late stage. *Id.* We explained:

> This court previously has held that, where the right to take a voluntary dismissal is in the discretion of the trial court, the general rule is that the trial court should grant a voluntary dismissal, "absent some showing of plain legal prejudice to the defendant." *Oliver v. Hydro-Vac Servs. Inc.*, 873 S.W.2d 694, 696 (Tenn. App. 1993) (quoting *Price v. Boyle Inv. Co.*, 1990 WL 60659, at *3 (Tenn. App. May 11, 1990), *perm. app. denied* (Tenn. June 11, 1990)). On the other hand, the trial court should not grant a nonsuit if doing so would "deprive the defendant of some right that became vested during the pendency of the case." [*Oliver*], 873 S.W.2d at 696 (quoting *Anderson v. Smith*, 521 S.W.2d 787, 790 (Tenn. 1975)).

> This court has made clear that the possibility of the defendant being subjected to a second lawsuit does not constitute sufficient legal prejudice to preclude the plaintiff from receiving a voluntary nonsuit. *Oliver v. Hydro-Vac Servs.*, 873 S.W.2d at 696. In construing the federal counterpart to rule 41.01, however, one court has found sufficient prejudice to exist where the defendant successfully has demonstrated a valid defense, such as the statute of limitations, to the plaintiff's claims. *See Metropolitan Fed. Bank v. W.R. Grace & Co.*, 999 F.2d 1257, 1262-63 (8th Cir. 1993). Another court has found sufficient prejudice to exist where the plaintiff moves for a voluntary dismissal after participating in a hearing where the trial judge expresses an adverse opinion on the merits of the plaintiff's claim. *See Piedmont Interstate Fair Ass'n v. Bean*, 209 F.2d 942, 947-48 (4th Cir. 1954).

> We conclude that similar prejudice would result to the [d]efendants in the present case if the [plaintiffs] were permitted to take a voluntary dismissal. At the point they filed their notice of nonsuit, the [plaintiffs] had participated in a hearing on the [d]efendants' motion to dismiss at which the [d]efendants demonstrated valid defenses to a majority of the [plaintiffs'] claims for relief. Moreover, the trial court already had issued its oral ruling dismissing all claims against the [d]efendants. We hold that, under these circumstances, the trial court did not abuse its discretion in refusing to permit the [plaintiffs] to take a voluntary dismissal.

*Id.*

Like the *Hamilton* court, we conclude that in this case, Green Wise lost the ability to take a nonsuit as a matter of right after the trial court orally granted Appellee's motion

to dismiss Green Wise's claims.[7]  At that point, Green Wise's case had been decided on the merits.  *Compare Hamilton*, 1998 WL 704528, at \*5 ("At the point they filed their notice of nonsuit, the [plaintiffs] had participated in a hearing on the [d]efendants' motion to dismiss at which the [d]efendants demonstrated valid defenses to . . . the  claims for relief[,] [and] the trial court already had issued its oral ruling dismissing all claims against the [d]efendants."), *with Club Leconte v. Swann*, 270 S.W.3d 545, 550 (Tenn. Ct. App. 2008) ("In this case, the [t]rial [c]ourt had not yet ruled on the motion to dismiss, and since there was still further action that could have been taken, plaintiff's motion for voluntary dismissal should have been granted.").  As such, it was within the trial court's discretion to decide whether to allow Green Wise to voluntarily dismiss its claims.

We also conclude, however, that the trial court did not err in declining to allow Green Wise to voluntarily dismiss its claims after the oral ruling was issued.  Appellee not only demonstrated valid defenses to Green Wise's claims but also obtained an advantageous ruling from the trial court prior to the filing of Green Wise's notice of voluntary nonsuit.  Allowing a voluntary dismissal at this late stage would certainly cause plain legal prejudice to Appellee.  *Hamilton*, 1998 WL 704528, at \*5.  This scenario was squarely addressed in *Hamilton*, and Green Wise has presented us with no legal authority suggesting we should depart from that holding.

Green Wise asserts on appeal that the trial court's order denying the voluntary nonsuit is insufficient insofar as it does not explicitly state that "plain legal" prejudice would befall the Appellee if Green Wise were allowed to dismiss its claims.  In effect, Green Wise asks us to impose a "magic words" requirement on the trial court and find that in the absence of the particular phrase "plain legal prejudice," the trial court's decision should be vacated.  We find this argument to be without merit, however, because Green Wise points us to no authority in support, nor does our own research reveal any.  Moreover, the trial court's order denying Green Wise's request for a voluntary nonsuit explains that it is denying Green Wise's proposal because the trial court had already ruled against Green Wise.  The order also states that it "adopts the reasoning set forth in the separate objections filed . . . by [Appellee and Third-Party Defendants]."  In those objections, Appellee and Third-Party Defendants relied on *Hamilton* and explicitly argued Appellee would suffer prejudice should Green Wise be allowed to dismiss its claims after the trial court granted Appellee's motion to dismiss.  Accordingly, the trial court's order clearly reflects its finding that Appellee would suffer plain legal prejudice if Green Wise were allowed to nonsuit its claims, and we agree with this finding.  *See Hamilton*, 1998 WL 704528, at \*5.

The trial did not abuse its discretion in refusing to permit Green Wise to take a voluntarily dismissal.

---

[7] The record does not contain a transcript of the hearing on Appellee's motion to dismiss.  However, Green Wise has never disputed that it filed its voluntary nonsuit after the trial court granted Appellee's motion.

III.

Green Wise's second issue involves the trial court's decision to award Appellee attorney's fees against Green Wise pursuant to Tennessee Code Annotated section 20-12-119(c). In asserting that the trial court erred in its ruling, Green Wise posits two theories. First, Green Wise avers that because its counter-complaint against Appellee was filed while the case was removed to bankruptcy court the trial court violated general principles of comity by relying on a Tennessee statute to award Appellee her attorney's fees. According to Green Wise, "[t]o conclude otherwise would effectively require the Tennessee Rules of Civil Procedure to trump the Federal Rules of Bankruptcy Procedure."

Second, Green Wise argues that section 20-12-119(c) does not apply to Appellee's motion to dismiss because the motion was untimely. Specifically, Green Wise points out that its counterclaim against Appellee was asserted on May 12, 2019 in a pleading filed in the bankruptcy court and that Appellee's motion to dismiss was not filed until August 30, 2019 in the trial court. Green Wise urges that Appellee's motion was time-barred in light of section 20-12-119(c)(5)(B), which provides that "subsection (c) shall not apply to . . . [a]ny claim that is dismissed by the granting of a motion to dismiss that was filed more than sixty (60) days after the moving party received service of the latest complaint, counter-complaint or cross-complaint in which that dismissed claim was made."

There is a threshold problem with Green Wise's arguments. Despite being available to Green Wise upon Appellee first filing her Rule 12.02(6) motion to dismiss, Green Wise offered the foregoing theories for the first time in its Rule 59.04 motion to alter or amend the trial court's final judgment. Regarding motions to alter or amend a final judgment, we have previously stated:

> The purpose of a Rule 59.04 motion to alter or amend a judgment is to provide the trial court with an opportunity to correct errors before the judgment becomes final. *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998) (overruled in part on other grounds by *Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000)). The motion should be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice. *Id.* **A Rule 59 motion should not be used to raise or present new, previously untried or unasserted theories or legal arguments.** *Local Union 760 of Intern. Broth. of Elec. Workers v. City of Harriman*, No. E2000-00367-COA-R3-CV, 2000 WL 1801856, at *4 (Tenn. Ct. App. Dec. 8, 2000) *perm. app. denied* (Tenn. May 14, 2001)[.]

*In re M.L.D.*, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005) (emphasis added); *see also City of Memphis v. Pritchard*, No. W2019-01557-COA-R3-CV, 2020 WL 4354911, at *3 (Tenn. Ct. App. July 29, 2020) ("Typically, when a party raises an argument for the first

time in a motion to alter or amend, we will deem the argument waived[.]”); *Cent. Parking Sys. of Tenn., Inc. v. Nashville Downtown Platinum, LLC*, No. M2010-01990-COA-R3-CV, 2011 WL 1344633, at *5 (Tenn. Ct. App. Apr. 7, 2011) (concluding issues raised for the first time in motion to alter or amend waived when the arguments advanced new legal theories, rather than a correction of an error of law); *Chadwell v. Knox Cnty.*, 980 S.W.2d 378, 383 (Tenn. Ct. App. 1998) (“[W]e do not find any authority which authorizes a motion to alter or amend in order to allow a party to present her case under a new theory when the facts and law were available to be argued at the trial prior to the court’s original decree.”).

Here, Green Wise advanced new legal theories in its motion to alter or amend the trial court’s final judgment, despite those theories having been available to Green Wise well beforehand. Appellee requested her attorney’s fees when she filed her motion to dismiss; Green Wise filed a written response to that motion but failed to offer the legal theories discussed above. There is also nothing in the record indicating Green Wise raised these arguments at the hearing on Appellee’s motion to dismiss.[8] Green Wise had ample opportunity to present its substantive arguments regarding the applicability of section 20-12-119(c) but failed to do so. *See Chadwell*, 980 S.W.2d at 383. Further, while Appellee aptly argues in her principal brief that Green Wise’s arguments are waived for failure to raise them prior to its Rule 59.04 motion, Green Wise entirely ignores this matter in its reply brief.

“A Rule 59 motion should not be used to raise or present new, previously untried or unasserted legal theories or legal arguments.” *Cent. Parking*, 2011 WL 1344633, at *4. Because Green Wise’s only arguments regarding the applicability of section 20-12-119(c) were first raised in its Rule 59.04 motion, we conclude that Green Wise’s second issue is waived.

IV.

Next, Green Wise asserts it is entitled to its attorney’s fees incurred on appeal. The award of such fees is soundly within the discretion of this Court. *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995). “When considering a request for attorney’s fees on appeal, we also consider the requesting party’s ability to pay such fees, the requesting party’s success on appeal, whether the requesting party sought the appeal in good faith, and any other equitable factors relevant in a given case.” *Chaffin v. Ellis*, 211 S.W.3d 264, 294 (Tenn. Ct. App. 2006) (citing *Darvarmanesh v. Gharacholou*, No. M2004-00262-COA-R3-CV, 2005 WL 1684050, at *16 (Tenn. Ct. App. July 19, 2005)).

---

[8] Again, the record does not contain a transcript from this hearing. To the extent Green Wise raised these arguments regarding section 20-12-119(c) at the hearing, it was incumbent upon Green Wise to ensure the record reflected that. *See Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 712–13 (Tenn. 2005) (“An appellant is responsible for preparing the record and providing to the appellate court a fair, accurate and complete account of what transpired at the trial level.”) (internal quotation omitted).

Under all of the circumstances of this case, we respectfully decline to award Green Wise its attorney's fees incurred on appeal.[9]

V.

Having resolved the issues raised by Green Wise, we next address the issues raised by Appellee and Third-Party Defendants. Both argue that Green Wise's appeal is frivolous. The law on frivolous appeals is well-settled:

> Parties should not be forced to bear the cost and vexation of baseless appeals. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision. *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985).
> A frivolous appeal is one that is devoid of merit, *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding. *Davis v. Gulf Ins. Group*, 546 S.W.2d at 586; *Jackson v. Aldridge*, 6 S.W.3d at 504; *Industrial Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Thus, an appeal in which the reviewing court's ability to address the issues raised is undermined by the appellant's failure to provide an adequate record is deemed frivolous because it has no reasonable chance of succeeding. *Brooks v. United Uniform Co.*, 682 S.W.2d 913, 915 (Tenn. 1984); *McDonald v. Onoh*, 772 S.W.2d at 914; *Fields v. Fields*, No. 86-131-II, 1987 WL 7332, at *3 (Tenn. Ct. App. March 6, 1987) (No Tenn. R. App. P. 11 application filed).

*Young v. Barrow*, 130 S.W.3d 59, 66–67 (Tenn. Ct. App. 2003).

Although we agree that none of Green Wise's issues entitle it to relief, we cannot conclude that this appeal rises to the level of being devoid of merit. Green Wise's argument as to its first issue was, although not persuasive, colorable. Moreover, Appellee and Third-Party Defendants assert that this appeal is frivolous in part because the trial court's order is nonfinal and therefore should not have been appealed from. As we have already determined that the trial court's order is final, we cannot on this basis conclude that Green Wise's appeal is frivolous. Nor can we agree with Appellee and Third-Party Defendants

---

[9] Here, we note that Green Wise also asserted several previously unaddressed issues in its reply brief, including whether Green Wise should be awarded attorney's fees against Third-Party Defendants as well as the Appellee. However, "[i]ssues raised for the first time in a reply brief are waived." *Hughes v. Tenn. Bd. of Probation and Parole*, 514 S.W.3d 707, 724 (Tenn. 2017).

that Mr. Walker's history of frivolous and vexatious appeals,[10] albeit troubling, means the current appeal is also frivolous. We therefore exercise our discretion to decline to award Appellee or Third-Party Defendants additional damages pursuant to Tennessee Code Annotated section 27-1-122.

## VI.

We turn to the final issue on appeal. Appellee and Third-Party Defendants argue that the trial court erred in declining to assess attorney's fees against Mr. Johnson based on Mr. Johnson's pro se status. When reviewing a trial court's findings regarding section 20-12-119, we review:

> the trial court's factual determination of whether litigation costs, including attorney's fees, are reasonable under an abuse of discretion standard. In addition, in applicable cases, a trial court's determination of whether a *pro se* litigant has "acted unreasonably in bringing, or refusing to voluntarily withdraw, the dismissed claim" would be reviewed under an abuse of discretion standard. *See* Tenn. Code Ann. § [20-12]-119(c)(5)(D) (excepting a *pro se* litigant from application of -119(c) in certain circumstances) However, apart from these specific factual determinations, the standard of review for the award of litigation costs pursuant to Tennessee Code Annotated § 20-12-119(c) is a matter of law due to the mandatory language of the statute.

*Snyder v. First Tenn. Bank N.A.*, No. E2015-00530-COA-R3-CV, 2016 WL 423806, at *8 (Tenn. Ct. App. Feb. 3, 2016). "A trial court abuses its discretion 'only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining.'" *Allen v. Albea*, 476 S.W.3d 366, 373 (Tenn. Ct. App. 2015) (quoting *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)) (internal bracketing omitted).

As we have already discussed at length, Tennessee Code Annotated section 20-12-119(c) provides that a trial court shall award costs and reasonable and necessary attorney's fees to the prevailing party in the event a claim is dismissed for failure to state a claim for which relief can be granted. Tenn. Code Ann. § 20-12-119(c)(1). This statute also provides, however, specific exceptions under which attorney's fees should not be awarded in the event of a Rule 12.02(6) dismissal, including "[a]ctions by pro se litigants, except where the court also finds that the pro se party acted unreasonably in bringing, or refusing to voluntarily withdraw, the dismissed claim." Tenn. Code Ann. § 20-12-119(c)(5)(D).

---

[10] *See Nationwide Inv., LLC v. Pinnacle Bank*, No. M2018-01180-COA-R3-CV, 2019 WL 4415188, at *8 (Tenn. Ct. App. Sept. 16, 2019).

In the present case, the trial court declined to assess any attorney's fees against Mr. Johnson because of his pro se status. Appellee and Third-Party Defendants argue, however, that because Mr. Johnson's pleadings are essentially the same as those filed by Mr. Walker and Green Wise, Mr. Johnson was actually represented by Mr. Walker throughout the proceedings. The Appellee is correct that Mr. Johnson's pleadings are, in large part, verbatim to the pleadings filed by Mr. Walker and Green Wise. Nonetheless, Mr. Walker never entered a notice of appearance for Mr. Johnson, and Mr. Johnson signed his own pleadings. There is nothing in the record to indicate, for example, that Mr. Johnson did not simply recreate the pleadings filed by Mr. Walker and Green Wise without the help of Mr. Walker. Under these circumstances, we cannot conclude that the trial court erred in finding that Mr. Johnson was pro se for purposes of section 20-12-119(c)(5)(D).

Appellee and Third-Party Defendants alternatively assert that even if Mr. Johnson was pro se in the trial court, he acted unreasonably in bringing his claims and should therefore be assessed attorney's fees. *See* Tenn. Code Ann. § 20-12-119(c)(5)(D). As noted in *Snyder*, whether a pro se litigant has acted unreasonably is reviewed for an abuse of discretion. 2016 WL 423806, at *8. We cannot conclude that the trial court abused its discretion in declining to find that Mr. Johnson acted unreasonably in bringing his dismissed claims.

## Conclusion

The judgment of the Davidson County Chancery Court is hereby affirmed and the case remanded for further proceedings consistent with this opinion. Costs on appeal are assessed to the appellant, Green Wise Homes, LLC, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE